JOHN HUGHES *vs.* AURIN Z. LITTLEFIELD & *al.*

If two of three joint promisors of a note are sued, without assigning any cause for the omission of the third, the objection can be taken only in abatement.

If an alteration in a note be made by one of the promisors, he cannot allege that it was fraudulent.

It furnishes no defence to a surety, that he voluntarily became such, without the assent or knowledge of the principal.

If a note be made and signed by one, and another for the same consideration afterwards signs the note, and adds after his name the word surety, he is a joint promisor.

The consideration of the contract between the principal parties, is a good consideration for the promise of a surety.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

This action was assumpsit on a note of hand, dated *July* 8, 1836, for $55,00, payable to the plaintiff or order, and signed by *James Hayden* as principal, and by the defendants, *A. Z. Littlefield*, and *J. Kerswell*, thus, " *Littlefield & Kerswell*, sureties." It was admitted, that the signature of the defendants was in the handwriting of *Kerswell.* The defendants were then partners, trading under the firm of *Littlefield & Kerswell. Hayden*, the principal in the note, being called by the defendants, testified, " that on a settlement made between him and the plaintiff, on the day of the date of the note, he was found indebted to *Hughes* in the sum of $55 ; that he proposed to give his note for that sum ; that *Hughes* desired him to get the defendants to sign the note as sureties, but he declined to do so, insisting that the plaintiff should take his own note without sureties, which was finally consented to; that the note was thereupon written, signed by himself alone, and delivered to the plaintiff, who accepted it ; that the names of the sureties were not signed to the note in his presence, or with his knowledge, or at his request ; and when, or why they were signed he did not know."

Testimony was introduced by the plaintiff tending to prove *Littlefield's* assent to the act of his copartner in signing the name of the firm to the note in question. No other testimony was introduced.

It was now contended for the defendants, that this action could not be maintained against them for the following reasons, viz.

1. That the note being joint and several, two of the signers were sued without joining the third, and without assigning any cause for the non-joinder.

2. The note not being given for any consideration, wherein the defendants were interested as partners or otherwise, the *onus probandi* is on the plaintiff to show, that *Littlefield* assented to the act of his partner in signing said note.

3. That the signature of the defendants as sureties having been put to the note after its execution and completion, without the assent of all the parties thereto, and especially without the assent or knowledge of the principal, constituted such a material alteration of the note as to render it void.

4. That the action is wrongly brought ; — the defendants being chargeable, if at all, as guarantors, and not as original promisors.

5. That inasmuch as the signature of the defendants was not affixed to the note at the time of its execution, but afterwards ; they are not parties to the note itself, but must be held, if at all, on a distinct contract ; and that the burthen is on the plaintiff to prove such a contract, and to show a valuable consideration to support it.

The Judge overruled these objections, and instructed the jury, that none of the above grounds taken in defence of this action could prevail, or be sustained. The jury returned a verdict for the plaintiff for the amount of the note ; and also found that *Kerswell* was authorized by *Littlefield* to sign the note with the partnership name. To the ruling and instructions of the Judge the defendants except.

*E. Allen* argued in support of the grounds of defence taken by him in the District Court, and cited *Moies* v. *Bird*, 11 *Mass. R.* 436 ; 4 *Petersd. Abr.* 348, *note ;* 19 *Johns. R.* 391 ; 7 *Serg. & R.* 505 ; 3 *Yeates*, 391 ; 3 *Har. & J.* 159 ; 5 *Monroe*, 31 ; 1 *Nutt & McC.* 102 ; 11 *Mass. R.* 309 ; 3 *Nev. & Per.* 248 ; *Holt*, 474 ; 1 *Salk.* 292 ; 3 *Stark. Ev.* 1074 ; 1 *Cowen*, 192 ; 3 *Wend.* 417 ; 16 *Johns. R.* 38 ; 4 *Johns. R.* 251, 262 ; 2 *Johns. R.* 300 ; 19 *Johns. R.* 154 ; 2 *Cowen*, 246 ; 2 *Peters*, 197 ; 1 *East*, 48 ; 13 *East*, 175 ; 3 *Camp.* 478 ; 2 *Esp. R.* 524, 731 ;

*Peake's R.* 61 ; 2 *Stark. R.* 307 ; 14 *Mass. R.* 279 ; 8 *Johns. R.* 29 ; 11 *Johns. R.* 221 ; 13 *Johns. R.* 175.

*Kidder*, for the plaintiff.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendants could avail themselves of the first objection in abatement only. The jury having found, that the name of the partnership was used by one of the partners with the consent of the other, the second objection becomes unimportant. And they could not have so found in consequence of any ruling respecting the burden of proof, for it is admitted in argument, that the defendants did not introduce any testimony on that point.

The only alteration in the note appears to have been voluntarily made by the defendants, and they cannot allege it to be a fraudulent one. If they became sureties contrary to the wishes of the principal his relations will not be altered thereby ; nor will any new responsibilities attach to him in consequence of it.

. It has been decided, that by signing in this manner they became joint and several promisors.

The consideration of the contract between the principal parties is a good consideration for the promise of a surety.

*Exceptions overruled.*