## WILLIAM COLBURN & al. versus ROBERT AVERILL.

Where a person, not the payee, writes his name in blank upon the back of a negotiable promissory note, at the time of its inception, it is to be regarded as done for the same consideration with the expressed contract, and he will be holden as an original promisor.

If the indorsement be made subsequent to the date of the note, and without a prior indorsement by the payee, it is presumed to have been made for a different consideration, and the party will be regarded as a guarantor. But if affixed after an indorsement by the payee, the party will be treated as a subsequent indorser.

If made without date, it is presumed to have been made at the inception of the note.

ASSUMPSIT upon a note of the following tenor : —

"$700.                              Orono, Dec. 4. 1837.

"Value received, we jointly and severally promise to pay William and Jeremiah Colburn, or order, seven hundred dollars in June next, with interest.          "Hervey Kimball,

"William Averill."

The name of the defendant was in blank upon the back of the note. Several payments made in 1841, were indorsed upon the note, some in the handwriting of said Kimball and

some in the handwriting of said William Averill. The writ is dated December 9, 1846. The statute of limitations was relied upon in the defence.

The Judge presiding, HOWARD J., ruled that the plaintiffs had made out a case, whereupon the defendant submitted to a default, which was to be taken off and a new trial granted, if the whole Court should be of opinion that the ruling was erroneous.

*Washburn*, for defendant.

This case presents the question, whether one who puts his name on the back of a note, payable to another man or order, at the time of the inception, is liable as a promisor (though it is not admitted that the defendant's name was placed on the note at the inception, but for argument let it be conceded.) It is a new question in this State. Court may do as reason and law suggest. We deny that defendant is a promisor.

The construction that makes him so is narrow, forced, unreasonable and injurious. It is confined, in all the world, to a portion only of New England; based on supposed authority, now ascertained to be no authority; and on reasons inconclusive, contradictory and absurd; first adopted in a State that would now gladly recede, if possible; and which acknowledges that, if a new question, they would not so decide; and that in principle the construction is inadmissible. HUBBARD, J., *Union Bank* v. *Willis*, 8 Metc. 504.

We have attached no peculiar force to the Massachusetts decisions before separation, except in relation to the construction of statutes then existing there, and enacted here since.

But there was no decision in Massachusetts, prior to the separation, which authorizes the charging of the defendant on *this* note, as a promisor. In no case like this had a defendant been thus held.

I propose to examine all the cases having resemblance: —

1. *Josselyn* v. *Ames*, 3 Mass. 274. The note was *not negotiable*. The *payee* (not a third person,) indorsed it, and was sued, and he had agreed to pay the note.

2. *Hunt* v. *Adams*, 5 Mass. 358. The defendant at the

inception, wrote at the *bottom* of the note, "I acknowledge myself holden as surety for payment of the demand of the above note."

3. *Same*, 6 Mass. 519.  Same memorandum as above.

4. *Same*, 7 Mass. 518.  Same memorandum as above.

5. *Carver* v. *Warren*, 5 Mass. 545.  There was a written promise in words at the time of the inception, and on this promise an action was sustained.

6. *White* v. *Howland*, 9 Mass. 314.  Here also was a promise written out in full to pay the note.

7. *Moies* v. *Bird*, 11 Mass. 436.  In this case, note from A to B or order, indorsed by C at plaintiff's request, a day or two after the making, but in pursuance of an agreement, and in fact *not negotiable*.  SEWALL, C. J. charged the jury that C was liable as an original promisor, *unless he proved a different intent and purpose.*

Rand, in his argument, in 4 Pick. 311, says, this note was misstated in the report ; *it was not payable to order.*  The decision was in fact on a note not negotiable ; and PARKER, J. admits in the opinion that it was not in form negotiable.

Thus stood the cases at the separation.  And we find no case, that authorizes the holding as a promisor, one who at the making, places his name *in blank* on a *negotiable* note, payable to another.

One reason on which all these cases were sustained, was that the *defendants could not be charged as indorsers*, or guarantors.

*In this case he might*, as the 8th Metc. and sundry other cases to be cited hereafter, show.  The reason assigned in *Moies* v. *Bird, it is admitted by the Massachusetts Court, fails in a case like this.*

How stand the cases in Massachusetts, since the separation ?

1. *Sumner* v. *Gay*, 4 Pick. 311, is a case like the present.  The plaintiff declared against the defendant as guarantor and promisor, and had judgment.  It does not appear whether the defendant was held as promisor or guarantor.

2. In *Tenney* v. *Prince*, 4 Pick. 387, the opinion assumes,

that the cases had decided from the time of *Josselyn* v. *Ames,*
that "where indorsement is made at the time of making the
note, the person indorsing is to be treated as an original pro-
misor," "because" as he "*cannot be answerable as an indor-
ser, he shall be answerable as an original promisor.*" All
this is *obiter dicta.*

The Court has not decided, that in case of a negotiable
note, where the defendant might be held as indorser, that he
would be answerable as promisor.

The Court say in this case, that they would not be justified
"*in extending the liability of these anomalous indorsers.*"

The New York cases, that are cited in the above, either did
not sustain the positions for which they were cited, or have
been since overruled.

3. *Baker* v. *Briggs,* 8 Pick. 122, recognizes the doctrine
that a defendant, in a case like this, would be chargeable, as
an original promisor.

4. *Chaffee* v. *Jones,* 19 Pick. 260, recognizes the same.
C. J. says, this sort of note is "peculiar to New England" and
he might have said, to two or three States only. Yet, he says
distinctly, that this is only the legal import "independent of
any intrinsic evidence;" he intimates clearly that you may
vary this import by proof.

5. *Austin* v. *Boyd,* 24 Pick. 64, assumes the doctrine of
*Baker* v. *Briggs,* to be correct.

The two cases last cited, give some reasons why the defend-
ant cannot be held as guarantor, (for it seems to be conceded
everywhere, that he must be held as guarantor, if possible,
before considering him a promisor. One is only charged as
promisor, to prevent entire failure of remedy) but these reas-
onings are bad. Among them, is this : — that there is no new
consideration. Now here, in Massachusetts, in New York, and
everywhere, men have been held as guarantors, times without
number, where the guaranty was entered into at the very time
the original promise was made, and where there was no new
or independent consideration. In three-fourths of the cases

of guaranty, it is so. *Chaffee* v. *Jones* admits, "*he may be guarantor, if it be proved that such was the intention.*

Now, in this case, (if plaintiff could consider the defend-ant as any thing more than indorser,) he might regard him as guarantor. He might fill up a guaranty over his name. If so, he could hold him in no other relation. The reason assigned for regarding him as maker, fails. It is not necessary so to consider him in order to have a remedy. *Sampson* v. *Thornton*, 3 Metc. 275, affirms what was supposed to be the doctrine of *Hunt* v. *Adams*, (but which *clearly, certainly* was not.)

*Union Bank* v. *Willis*, 8 Metc. 504, HUBBARD, J. in giving the opinion, says, " If the subject were a new one, we should hesitate in giving countenance to such an inequality as to hold that any person, whose name is written on the back of a note, should be chargeable as a promisor.

In Maine the subject *is* "a new one." The Court is not bound by a course of decisions to give countenance to the inequality. This construction, in ninety-nine cases out of a hundred, makes a contract never thought of by the parties, and operates gross injustice. No man, (not a lawyer,) ever yet put his name on the back of a note, intending to be liable as if he had put it on the face.

And it is unnecessary to hold him as a maker to prevent utter failure. All the cases that say any thing about it, declare, that if the intention was to be a guarantor, and it is so proved, then he *may* be and will be so held ; all say the holder may *fill up the blank according to the intention and purpose.*

Where there is no evidence of what the intent was, why presume an intent to be a promisor, when this very intent is repelled by the fact of the name being on the back and not on the face ?

The reason sometimes given, that the defendant cannot be charged as an indorser because he did not place his name on the note as such, inasmuch as his indorsement did not nego-tiate, or could not negotiate, the note, is bad ; a second indor-ser's name does not negotiate the note, is not put there for

that purpose, yet, he is not chargeable as a promisor or guarantor. So of a note payable to bearer, why not, if this be good reasoning, hold such indorsers as promisors or guarantors ?

But the law is, and the reason of the thing is, that the defendant in all these cases, shall be liable as guarantors or second indorsers, and never as original promisors, unless words to that effect were written at the time.

Mr. Justice STORY seems to have perceived that none of the cases in Massachusetts prior to the 4th Pick. covers one like this. Story on Notes, § 473, p. 587, § 476, p. 591, and notes, and he mentions that C. J. PARKER, in *Oxford Bank* v. *Haynes*, 8 Pick. 423—6—7, seems "to have limited the doctrine to notes not negotiable." See note 1, p. 591.

In New York the earlier cases inclined to the "original promise" doctrine. But the later cases maintain a different doctrine, and lay it down broadly and clearly, that the party, whose name is placed, at the inception, on a negotiable note payable to another, assumes only the liability of an indorser. *Dean* v. *Hall*, 17 Wend. 214; *Seabury* v. *Hungerford*, 2 Hill, 80.

*Hall* v. *Newcomb*, 3 Hill, 233, was a case like this in every particular ; the Court lay down the law fully and clearly in favor of defendant, and make distinction between notes negotiable and those not negotiable. They say, that the plaintiff might, by indorsing the note, have put it in such form as to charge the defendant as second indorser." 7 Hill, 416.

Such is the law in England. *Bishop* v. *Hayward*, 4 T. R. 470 ; *Hill* v. *Lewis*, 1 Salk. 132. Every indorser of a note may be declared against as the drawer of a bill. Chitty on Bills, 141—142, 7th Am. ed.

In Connecticut, HOSMER, C. J., dissented from the right to fill up the indorsement so as to make the defendant liable as promisor.

The interpretation must be such as to carry into effect the true intent of the parties. Story on Pr. Notes, § 479, p. 598, ed. of 1845.

The statute of limitations is pleaded.

If defendant is liable only as guarantor or indorser, the note is barred as to him. The defendant is not bound by any, promise or payment of the makers, not liable in the same relation. *Gardiner* v. *Nutting*, 5 Greenl. 140.

Even if he was a joint and several promisor, the note is barred. Revised Statutes, chap. 146, § 19, declares, that no promise or acknowledgment shall be binding unless it be *express* and contained in some writing *signed* by the party to be bound thereby. Section 20, that if there are two or more joint contractors, no one shall be bound by any acknowledgment or promise made or signed by another. Section 24, *if there are two or more joint contractors, no one of them shall lose the benefit of this chapter, so as to be chargeable by reason of any payment made by the others.*

Grant the defendant was a co-promisor, or joint contractor, he made none of these payments ; they were made and indorsed by others. *And he is not to lose the benefit of chap. 146, by reason of payment by another.*

The plaintiffs may cite § 27, to the effect that " none of the provisions of this chapter respecting the *acknowledgment of a debt,* or a *new promise* to pay it," shall apply to such " *acknowledgment,*" or "*promise,*" made before the act took effect ; i. e. August, 1841 ; *but they do apply to the effect resulting from a mere payment of part by one of the joint contractors.*

Section 27 applies to § 19, not to § 24. It excludes 24, *ex industria*, " or payment" would have been added after " promise," had it been so intended. The chapter recognizes three ways to renew a debt, — 1. acknowledgment, — 2. promise, — 3. payment in part.

Section 24 says, part payment shall never prejudice the joint contractor ; § 27, that " acknowledgments" and " promises" before 1841, shall stand good against joint contractors, but does not say that " payment" shall. They are all distinct in sections, in nature and character. *Pierce* v. *Tobey*, 5 Metc. 168.

Colburn v. Averill.

*Cutting* and *Wilson*, for plaintiffs.

The defendant's name appearing on the back of the note, we hold him as an original promisor.

In the absence of proof, the legal presumption is, that his name was placed there at the inception of the note. *Baker* v. *Briggs*, 8 Pick. 130; " where a person, not the payee of a note on demand or on time, puts his name on the back, at the time of its inception, he is liable as an original promisor or surety, but not as indorser." *Baker* v. *Briggs*, 8 Pick. 122; *Sumner* v. *Gay*, 4 Pick. 311; *Chaffee* v. *Jones*, 19 Pick. 260; *Austin* v. *Boyd*, 24 Pick. 66; *Samson* v. *Thornton*, 3 Metc. 279; *Shepley* v. *Waterhouse*, 22 Maine, 497; *Emery* v. *Vinal*, 26 Maine, 305; Story on Bills, 59, 472—480; Chitty on Bills, 214; 8 Metc. 510.

The limitation bar does not apply.

Partial payments have ever been considered an acknowledgment of indebtedness, and prior to the statute of 1841, before cited, payment by one joint promisor, was binding on the co-promisors. *Pike* v. *Warren*, 15 Maine, 392, and cases cited; *Hunt* v. *Bridgham*, 2 Pick. 581; *Banks* v. *Hall*, 2 Pick. 368; *Sigourney* v. *Drury*, 14 Pick. 387.

The last indorsement was made on July 31, 1841, less than five years before the commencement of this suit.

HOWARD, J.— The plaintiffs, as payees, sued the defendant as promisor of a note, upon the back of which his name appears in blank. The principal question presented by the report, is, whether he can be regarded as an original promisor.

It has been familiar law in this State, before and since the separation from Massachusetts, that, when a person, as in this case, not the payee of a promissory note, writes his name upon the back of it, at its inception, in blank, he is to be regarded as a surety and an original promisor; although no case embracing the doctrine, in terms, appears in our reports.

While different Courts, of high character, sustain, vary or deny this doctrine, all concur, that thus writing the name upon the back of the instrument constitutes a contract, which

is to receive a reasonable and an available construction. We hold, that there are certain general rules, and principles to be followed in the interpretation of such contract, in the absence of other evidence, which may lead to satisfactory results, amid conflicting decisions.

The contract is to be construed as it was at the time it was made. If made at the inception of the note, it is to be presumed to have been for the same consideration, and a part of the original contract, expressed by the note. If made subsequently to the date of the note, and without a prior indorsement by the payee, it is to be presumed to have been for a different consideration, and the party will be regarded as a guarantor ; but if made after a prior indorsement by the payee, the law presumes it to have been done in aid of the negotiation of the note, and the party will be treated as a subsequent indorser. If made without date, it will be presumed to have been made at the inception of the note. Chitty on Bills, 214, note ; Story on Promissory Notes, § 59, 472 — 481, and notes ; *Hunt* v. *Adams,* 5 Mass. 358 ; *Moies* v. *Bird,* 11 Mass. 436 ; *Baker* v. *Briggs,* 8 Pick. 122, 130 ; *Bank* v. *Willis,* 8 Metc. 504, 510 ; *Chaffee* v. *Jones,* 19 Pick. 263 ; *Austin* v. *Boyd,* 24 Pick. 66 ; *Emery* v. *Vinal,* 26 Maine, 305 ; *Parks* v. *Brinckerhoff & als.* 2 Hill, 663 ; *Pinkerton* v. *Bailey,* 8 Wend. 600.

Upon the application of these principles, to this case, the defendant must be regarded as an original promisor.

Payments were made by the signers to the face of the note, and indorsed upon it, before the Revised Statutes took effect, and within six years next preceding the commencement of this action. This placed the note in a position not to be affected by the statute of limitations, as to all the promisors. R. S. c. 146, § 27 ; General Repealing Act, § 4 ; Act of Amendment, of chap. 1, § 4, of R. S. (c. 1, 1841 ; ) *Pike* v. *Warren,* 15 Maine, 392; *Shepley* v. *Waterhouse,* 22 Maine, 497 ; *Parsonage Fund* v. *Osgood,* 21 Maine, 176 ; *Crehore* v. *Mason,* 23 Maine, 413 ; *Hunt* v. *Brigham,* 2 Pick. 581 ;

*Sigourney* v. *Drury*, 14 Pick. 387; Story on Promissory Notes, § 57, 58.

The ruling of the presiding Judge was correct, and judgment must be entered upon the default, according to the agreement.