## SAVAGE v. FOX.

It is not necessary to show a consideration, as between the payee of a note and the surety, if the contract of suretyship is contemporaneous with the contract between the payee and the principal. If there is a consideration sufficient to support that contract, it will be sufficient to support the contract of the surety.

In a suit by the payee against the surety alone, the surety cannot avail himself of usurious payments upon the note in suit made by the principal.

ASSUMPSIT, upon a note, dated March 5, 1877, payable to the order of the plaintiff, and signed by one Fairfield as principal and the defendant as surety. Facts found by a referee.

July 3, 1872, Fairfield borrowed $300, and gave a note for that amount, signed by himself as principal and the defendant as surety. Fairfield agreed to pay 10 per cent. interest annually, and $12 was deducted, Fairfield receiving only $288. At the end of one year he paid $12 more. No part of the principal or legal interest has been paid. The note in suit was given for the note of July 3, 1872, and legal interest, the defendant signing as surety at the request of Fairfield, and it was left by him with one McMillen to be exchanged for the former note. When the notes were given and when this suit was brought, the defendant was a married woman. She had no part of the money, and the note did not have any connection with a contract respecting her separate property. The defendant claimed that she was not liable on the first note by reason of her coverture, and that the note in suit, being given for the first note, her promise on it was without consideration. She also claimed that, if liable, the usurious interest should be applied in payment.

*Sawyer & Sawyer, Jr.*, for the plaintiff.

The disability of the defendant as a married woman to contract, as it existed at the date of the original note, was removed months before the giving of the note in suit. Laws of 1876, c. 32. As to her as well as the principal, there was a valid consideration for the original note, the same which exists in every case of suretyship for money loaned. The difficulty in the case of that note, if she had been sued upon it, would have been, not the want of consideration, but her disability to bind herself by such contract even upon unquestioned consideration. That note, valid against the principal, was surrendered to him in consideration of the note in suit signed by the defendant as surety. What better consideration ever existed in the case of a surety on a promissory note? And

as at the time of signing this note she was capable in law to bind herself by such contract, what ground is there for releasing her from liability ?

*Stevens,* for the defendant.

I. The note of July 3, 1872, was void as to the defendant, she being then a married woman. Reeve Dom. Rel. 182; *Carleton* v. *Haywood*, 49 N. H. 314; *Shannon* v. *Canney*, 44 N. H. 592; *Wellcome* v. *Riley*, 52 N. H. 139.

II. The second note, of March 5, 1877, was, as to her, and in fact as to the principal, only a renewal of the old one. No new consideration entered into her contract. It was at most the renewal of a void promise. This cannot furnish and is not in law a good consideration. *Thorne* v. *Deas*, 4 John. 87; *Palfrey* v. *R. R.*, 4 Allen 55; *Smith* v. *Mudgett*, 20 N. H. 527; *Mills* v. *Wyman*, 3 Pick. 207; *Ehle* v. *Judson*, 24 Wend. 97; *Ins. Co.* v. *Whitney*, 1 Met. 21.

III. If held, she is, as surety, equitably and legally entitled to have the unlawful interest deducted.

STANLEY, J. So far as Fairfield was concerned, there was a good consideration for the note of July 3, 1872. This being so, the surrender of that note was a good consideration for the note in suit. It discharged Fairfield from liability on the first note *(Sanborn* v. *French*, 22 N. H. 246), and there being a consideration between the plaintiff and Fairfield coincident with the defendant's promise as surety, she is liable in this suit. G. L., *c.* 183, *s.* 12; *Leonard* v. *Vredenburgh*, 8 Johns. 29, 39; Brandt Suretyship 8; Bay. Sureties 54. When the guaranty is contemporaneous with the principal contract, it is not necessary that there should be a separate and distinct consideration from that upon which the bill or note was executed. The credit given to the principal debtor is a sufficient consideration. *Moies* v. *Bird*, 11 Mass. 436; *Bickford* v. *Gibbs*, 8 Cush. 154; *Hughes* v. *Littlefield*, 18 Me. 400; *Huntress* v. *Patten*, 20 Me. 28; *Gillighan* v. *Boardman*, 29 Me. 79; *Colburn* v. *Averill*, 30 Me. 310; *McNaught* v. *McClaughry*, 42 N. Y. 22; *Swift* v. *Tyson*, 16 Pet. 1; 2 Dan. Neg. Ins. 682, *s.* 1,759; 2 Pars. Con. 6. It is said, in *Bickford* v. *Gibbs, supra*, that "there would be force in the objection that a distinct consideration for the undertaking of the guarantor or surety must be shown if the contract of guaranty had been made after the making and delivery of the note; but when the guaranty is made, before the delivery of the note by the maker to the promisee, it must be deemed to be done for the benefit of the maker, to add to the strength of the note and to induce the promisee to take it and advance his money on it, and no other consideration is necessary than the credit thus given to the maker." In 14 Ves., Jr., 190, Lord *Eldon*

says, "the undertaking of one man for the debt of another does not require a consideration moving between them." There being, in this case, a sufficient consideration for the note in suit as between the payee and the principal, it is immaterial whether the defendant was liable on the first note or not.

The defence of usury cannot avail the defendant. The usury was paid by the principal, and he has a right of action therefor to recover three times the amount, as a penalty, or he may bring a suit and recover the amount actually paid. Fairfield not being a party to this suit would not be bound by the judgment, if the usury were allowed to the defendant in reduction of the damages; and such being the case, the plaintiff might be held to account for it twice, if held accountable in this suit. The privilege to recover back the money is personal, and only Fairfield can avail himself of it. *Ward* v. *Whitney*, 32 Vt. 89; G. L., *c.* 232, *s.* 3. The plaintiff is entitled to judgment for the full amount of the note.

FOSTER, J., did not sit: the others concurred.