GEORGE L. WESCOTT *vs.* CHURCHILL L. STEVENS.

Hancock.     Opinion February 25, 1893.

*Promissory Note.    Indorsement.*

One, who indorses a note at the request of and for the accommodation of the maker, may elect in what capacity to become bound, and, if the payee has already indorsed the note, and he signs as second indorser, in the absence of any agreement with the payee to the contrary, may look to him for the payment of the note.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit on a promissory note, which was admitted to be a renewal by several intermediate renewals of a note dated November 7, 1888, viz:

"$300.                              Bar Harbor, Nov. 7, 1888.

Three months after date I promise to pay to the order of C. L. Stevens three hundred dollars at any bank or banking house in Maine.                              G. A. Barron."

[Indorsed,]  C. L. Stevens.
             G. L. Wescott."

It appeared that the maker, Barron, owed Stevens and gave him this note, and that Wescott, the plaintiff, owed neither Barron nor Stevens but became an accommodation party to the note ; that the note with Wescott's name on it under Stevens' was discounted by Stevens at a bank ; that at its maturity this note was renewed by the same parties signing in the same respective places, and successively renewed ; that the bank finally refused any further renewal and called upon the plaintiff, Wescott, as last indorser, to pay the amount due with protest fees ; that the plaintiff paid the amount to the bank, took up the note and brought this suit against Stevens as prior indorser. The defendant admitted that this is *prima facie* the relation of the parties, but contended that by the circumstances of the signing the plaintiff became, as between the original parties, a surety for the maker and consequently a joint promisor with him. And the defendant introduced evidence tending to show that the plaintiff indorsed the note at the request and for the accommodation and benefit of Barron ; whereupon the plaintiff introduced evidence to the contrary, tending to show that he indorsed solely at the request of Stevens and after the note had been delivered to and indorsed by Stevens, and not even in Barron's presence. The defendant introduced evidence to show that at the time the original note was given, Barron, the maker, was indebted to him for labor performed on certain buildings erected by Barron, and endeavored to effect a settlement in part by giving this note, with the understanding that defendant should try to get the note discounted at bank and, if this could not be done, that it should be returned to Barron and he would procure

an indorser in order to make the note acceptable to defendant. The note was not taken by Stevens at this time as a final settlement but simply for the purpose of ascertaining if it could be discounted.

The note was refused at the banks and Stevens thereupon returned with it to Barron, who then, in pursuance of his agreement, requested and obtained the indorsement of Wescott. The defendant contended that this indorsement was solely for the benefit and at the request of Barron, and that it was before the final and complete delivery of the note to the defendant and its acceptance by him.

Stevens was entitled to a lien for his work for which Barron was anxious to effect a settlement. There was evidence showing that Wescott had indorsed many notes for Barron and had extensive business relations with him, but he had never indorsed a note for Stevens, nor had there ever been any business relations between them.

The plaintiff contended that the sole point was not at whose request and for whose benefit he indorsed the note, but at what time he indorsed, whether before or after delivery to the payee or indorsement by the payee, and he requested the presiding justice to rule as matter of law that the liability of the plaintiff would be either that of second indorser or original promisor; that to be an original promisor he must have indorsed the note before delivery to the payee (or afterwards in pursuance of a prior agreement to do so,) and before indorsement by the payee; that it is immaterial at whose request the plaintiff indorsed the note if he indorsed after delivery or after a prior indorsement by the payee; that if the plaintiff indorsed after the prior indorsement of the payee, the plaintiff will be treated as a second indorser and parol evidence that he indorsed for the accommodation of the maker would be inadmissible.

The presiding justice declined to make such ruling but instructed the jury in his charge, in substance, as follows: "He [the plaintiff] accommodates some party by signing it. Now the defense contends that the accommodation was for Barron's benefit, and the plaintiff contends that it was, as the note

reads, for the defendant's benefit. . . . Now, the point is within rather a narrow compass, and it is for you to say whether the defendant satisfies you, by at least a greater weight of evidence on that side than on the other, that his signing was for the benefit of Barron and not, as the note would indicate, for the benefit of Mr. Stevens."

To these instructions the plaintiff excepted, and also filed a motion for a new trial, the verdict being for the defendant.

*Wiswell, King and Peters*, for plaintiff.

*Hale and Hamlin*, for defendant.

Assuming every contention of the plaintiff to be true, so far as disclosed in the bill of exceptions, the signature of Wescott was made at Barron's request, before delivery, and before indorsement of the payee. The facts all taken together, in law show this to be true. The jury must have so found in order to have rendered their verdict.

The charge of the presiding justice embodied, in substance, all the instructions asked by the plaintiff. It is a clear exposition of the law applicable to this case as developed by the evidence, and omitted nothing necessary for the proper understanding of the issue by the jury. It placed the issue squarely before them and their verdict was in accordance with the law and evidence; *Pearson* v. *Stoddard*, 9 Gray, 199; *Coolidge* v. *Wiggin*, 62 Maine, 568; *Hagerthy* v. *Phillips*, 83 Maine, 336; *Weston* v. *Chamberlain*, 7 Cush. 404; *Phillips* v. *Preston*, 5 How. 278; *McComb* v. *Thompson*, 72 Am. Dec. 706.

HASKELL, J. Assumpsit by the last indorser of a promissory note, who had paid it at maturity, against a prior indorser. The defense was that plaintiff indorsed the note at the request of and for the accommodation of the maker, and was, therefore, *qua* the defendant, a joint promisor. The defendant was the payee and had indorsed the note before the plaintiff indorsed it.

It is immaterial to inquire for whose accommodation the plaintiff made his contract, but material to know the terms of his contract. If the maker presented the note, already indorsed by the payee, to the plaintiff, with a request to become a party

to the note, he had the choice in what capacity to become bound. He might have elected to sign as maker, but did not. In effect, he handed the maker the cash and took the note. That was the result of his contract; and it is very plain that he intended, by his indorsement, to look to the note, as it was when he indorsed it, for his security, otherwise he would have signed in a different capacity. By signing as he did, he accommodated the maker all the same, gave currency to the note, and looked to the note for his security. He became bound as indorser. That was the contract made. Sometimes the order of indorsements may be shown to be different from what they appear to be. Such proof shows what the writing was when made, therefore what the written contract was.

*Coolidge* v. *Wiggin*, 62 Maine, 568, is precisely in point. The defendant, as payee, and plaintiff successively indorsed the maker's note for his accommodation, and, in the absence of an agreement between them to be sureties merely, they were held bound to each other as successive indorsers. There, the indorsements were both at the request of the maker. Here, if plaintiff's indorsement was at the request of the maker, without any agreement with defendant, whose name was already on the note, *a fortiori* the defendant should be held to a completed contract, on which plaintiff paid his money. *Stevens* v. *Parsons*, 80 *Maine*, 351; *Colburn* v. *Averill*, 30 Maine 310; *Dubois* v. *Mason*, 127 Mass. 37; *Bigelow* v. *Colton*, 13 Gray, 309; *Howe* v. *Merrill*, 5 *Cush.* 80; *Smith* v. *Morrill*, 54 Maine, 48; *Williams* v. *Smith* 48 Maine, 135.

Moreover, the weight of evidence is clearly against the contention of the defendant, that plaintiff indorsed at the request of and solely for the accommodation of the maker. That is his account of the transaction; but the maker and plaintiff squarely deny this. They both say that the indorsement was not procured at the maker's request, and the plaintiff says that it was made at the defendant's request. Their account is corroborated by the circumstances.　　　*Motion and exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.