*A. Rosa*, for plaintiffs.

*A. S. Hartwell*, for defendants.

---

YUEN LUNG & COMPANY, Plaintiffs in Error, *vs.* JOHN BURKE, Defendant in Error.

HEARING, JUNE 19, 1893.            DECISION, JULY 8, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A person who puts his name in blank on the back of a negotiable note before delivery, and before it is indorsed by the payee, he being a stranger to the note, becomes *prima facie* a first indorser, in default of evidence of the intention of the parties. There being no date to the indorsement or evidence as to when it was made, the presumption is that it was made before delivery. An indorser is entitled to notice and demand, in order to fix his liability. The complaint in the suit should contain allegations of facts sufficient to show his liability as an indorser.

OPINION OF THE COURT, BY JUDD, C.J.

In March of this year John Burke brought his action against See Lee and Yuen Lung & Co., declaring "that he claims of See Lee and Yuen Lung & Co., composed of Yuen

Lung and Pau Lum Mau, partners, the sum of one hundred and forty dollars with interest according to the tenor of a certain promissory note dated November 16, 1892, payable two months after date, for value received, to the order of the plaintiff, a copy of said note is hereto annexed for reference. That ten dollars has been paid on said note, leaving a balance of $140 with interest still due by defendants and owing to plaintiff, which balance due, plaintiff has demanded of said defendants, who have and still to this date refuse to pay; wherefore," etc.

The note annexed is as follows:

"HONOLULU, 16th November, 1892.

"$150.00

"Two months after date we promise to pay to the order of John Burke one hundred and fifty dollars, at (1%) one per cent. interest per month until paid.   Value received.

"Witness:          (Signed)                SEE LEE.

"LOO CHIT SAM.

"Due......"

(Indorsed in blank on back without date, Yuen Lung Co. Payment of $10 and $20 are also indorsed).

Service was made upon See Lee and upon the secretary and treasurer of Yuen Lung & Co.   See Lee came to Court and confessed judgment.   Yuen Lung & Co. failed to appear and were defaulted, and the magistrate rendered judgment against defendants (plaintiffs in error) for $142.38, which included interest, commissions and costs.   Execution was taken out against Yuen Lung & Co. April 11th, but not levied, as Yuen Lung & Co., on the 13th April, prayed for a writ of error to the District Court.   The errors assigned are as follows:

1.  That the complaint in said action does not contain averments to charge the plaintiffs in error as indorsers of the note sued on in said action, while the said note shows that they were liable if at all as indorsers.

2.  That no proof was taken before said District Court on which to base judgment against the plaintiffs in error.

The crucial point in this case is whether Yuen Lung & Co., by placing their name on the back of the note, became *prima facie* joint promisors or makers with See Lee, or whether they are *prima facie* indorsers.

The indorsement being in blank, without date, and there being no evidence as to when it was made or as to what was the intention of the parties as to the liability of the plaintiffs in error by so indorsing the paper, we, upon authority, treat the indorsement as made before delivery to the payee and inquire what in law their liability is presumed to be. In the diversity of opinion on this question among courts of higher character we are now to decide, for the first time we believe in this country, what the presumed liability is which attaches to the person who, being a stranger to a negotiable instrument, places his name on the back in blank at the time of the making of the note, *i e.*, before delivery. Without reviewing in detail the vast number of cases on this point, we remark that in some States one indorsing in such a manner (often called an "irregular endorser") is *prima facie* regarded as a (1) guarantor, in others as an (2) indorser, and in others as a (3) joint promisor, and also in some States as a (4) surety. 2 Pars. Notes & Bills, 122.

The decisions are irreconcilable. As Daniel says, "For the reason that a third party whose name is on the back of a note before that of the payee does not appear to have derived title to the note by indorsement or assignment to himself, it is held by numerous authorities that he must be regarded *prima facie* as a joint maker." 1 Daniel Neg. Instr. Section 713A. Also *Martin vs. Boyd*, 11 N. H. 385 ; *Colburn vs. Averill*, 30 Me. 310 ; *Mobley vs. Ryan*, 14 Ill. 51 ; *Sylvester vs. Downer*, 20 Vt. 355 ; *Lewis vs. Harvey*, 18 Mo. 74. In Massachusetts by a long current of decisions (*Union Bank vs. Willis*, 8 Met. 504) a person making such an indorsement was held to be a joint maker or promisor until 1874 when by statute (Ch. 404) it was provided that all persons becoming parties to promissory notes by a signature in blank on the

back thereof shall be entitled to notice of non-payment the same as an indorser.

Randolph in 2d vol. Commercial Paper, Section 831, says that "the legal effect of an indorsement by a stranger has been much discussed and variously decided. The view which finds most support is probably that which holds the indorsement of a negotiable note by a stranger before, or at the time of its delivery, to the payee to be *prima facie* an original undertaking as joint maker with an implied liability as such to the payee and all holders for value." And in Section 834, the same author says: "In opposition to the view above given it is held that such indorser contracts and becomes liable as an indorser, his position on the back of the note indicating that intention." In Pennsylvania he is held to be a second indorser because with the payee's name before his he cannot be considered a first indorser. *Eilbert vs. Finkbeiner*, 68 Penn. 247. In New York he is now considered as a first indorser; *Moore vs. Cross*, 19 N. Y., 227; *Coulter vs. Richmond*, 59 N. Y., 479.

Daniel expresses his own views thus: "Our own views are that the party who puts his name on the back of a negotiable note before it is indorsed by the payee, should be presumed to be a first indorser. If he intended to be a second indorser he should have refrained from putting his name on the note until it was first indorsed by the payee. By placing it first he enables the payee to place his own afterwards; and *prima facie* the facts would seem to indicate such intention. We do not·perceive that there is anything insuperable to this view in the objection that there is no title in him to indorse away. Prior parties could not be sued without the payee's indorsement; but he being an indorser can be sued by any one deriving title under him."

In England such an irregular indorsement is considered to render the party liable as a new drawer. *Penny vs. Innes*, 1 Crompton, Meeson & Roscoe, 439. In California by *Riggs vs. Waldo*, 2 Cal., 487, and *Jones vs. Goodwin*, 39 Cal., 493,

and by Code, he is held to be an indorser, and entitled to demand and notice to fix his liabilities.

This has been the view which has obtained for a long while in the business community of these islands. And being free to decide either way upon authority, and there being good reasons for both views we prefer to adopt the view which has prevailed here among business men, and hold that such a person is a first indorser. If the plaintiffs in error were indorsers, as we have held them to be, then they were entitled to demand and notice. An indorsement is held to be an independent contract. So distinct is the contract of an indorser from that of the maker, that at common law a separate action against each was indispensable. 1 Daniel Neg. Instr., Sec. 669, and cases cited. But by Act of 1876, Chap. 50, a holder of negotiable security "may join as defendants in any action for the recovery of the amount secured by any such instrument all or any of the antecedent parties to the same whether maker, drawer, acceptor or indorser." But this statute which dispenses with the necessity of a separate action against the indorser does not render it unnecessary to state in the complaint the facts which are essential to holding an indorser liable. These are allegations that the plaintiffs in error indorsed the note, that it was presented to the maker at maturity and notice of non payment thereupon given to the indorser and demand made upon him. A cause of action should be stated—the language may be varied, but the essential facts to show liability on the part of the indorser must appear. We notice that Sections 919 and 921 of the Compiled Laws by which the district courts were not confined to forms, and which allow parties to be cited by oral message or by writing, etc., are repealed by Section 80 of the Act to Reorganize the Judiciary Department. None of the essentials above named appearing in the complaint, and there being no evidence of notice and demand, it was error to have rendered judgment

for the defendant in error, and the judgment is reversed with costs.

*A. S. Hartwell,* for plaintiffs in error.

*J. M. Davidson,* for defendant in error.