## NG CHUNG TUG *v.* JICK KEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 2, 1901.        DECIDED MARCH 8, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A stranger to a promissory not who writes his name across the back thereof, before delivery, is *prima facie* an endorser and entitled to notice of the default of th maker.

OPINION OF THE COURT BY GALBRAITH, J.

The defendant excepted to the ruling of the Circuit Court dismissing his appeal and affirming the judgment of the District Magistrate.

The plaintiff entered suit in the District Court at Honolulu against the defendant, as endorser, and one Lee Choy, as maker, of a promissory note for $130.00 payable on demand. The judgment was for plaintiff for the full amount of his claim. The defendant appealed on points of law certified as follows:

1. Whether legal notice was given him of the default of the maker of the note. 2. Whether the District Magistrate had the right, after the evidence was in and the case closed, excepting the argument, to permit amendment of the complaint.

The transcript of the evidence shows that the defendant endorsed the note by writing his name across the back thereof before delivery; that on account of such endorsement the plaintiff loaned the money to Lee Choy, the maker of the note; that demand for payment was made on Lee Choy and payment was refused; that "2 or 3 days" thereafter payment was demanded of the defendant who said "no money at present"; that suit was entered immediately. That the amendment allowed by the Dis-

trict· Magistrate and complained of by the defendant, was permitting the plantiff to change the date of the note as alleged in the complaint from 1897 to 1894, to correspond with the note which was introduced in evidence.

There is a hopeless diversity among the authorities as to the exact legal liability assumed by a stranger to a promissory note, who writes his name across the back thereof, before delivery. The supreme courts of some twenty of the States and the Supreme Court of the United States have held that, *prima facie,* such a one is liable as an original promissor. Other courts hold that, *prima facie,* he is liable as a guarantor. While other courts hold that, *prima facie,* he is liable as an endorser. Among those holding the latter view, was the Supreme Court of the Hawaiian Islands, saying: "This has been the view which has obtained for a long while in the business community of these islands. And being free to decide either way upon authority, and there being good reasons for both views, we prefer to adopt the view which has prevailed here among business men, and hold that such a person is a first endorser." *Yuen Lung & Co. v. Burke,* 9 Haw. 146.

The plaintiff in this action seemed to recognize this to be the law in this jurisdiction. The defendant is sued as an endorser and the allegation is made in the declaration that on the day of the default of the maker of the note, notice was given the defendant and demand made for payment, although the proof does not sustain this allegation. All of the evidence shows that the defendant was regarded as an endorser by the parties to the transaction. Under the circumstances we hold that the defendant was an endorser of the note sued on, and as such was entitled to notice of the default of the maker on the day following his refusal to pay. That notice and demand on the defendant "2 or 3 days" afterwards was not a sufficient compliance with the rule and he was thereby released from liability. There was no offer by the plantiff to explain the delay in making demand on defendant or to show why proper notice was not given.

The defendant's first point of law was well taken, and should have been sustained.

The exception is sustained.

*Paul Neumann* for plaintiff.

*Robertson & Wilder* for defendant.