# H. R. HITCHCOCK *v.* HAWAIIAN TRAMWAYS COMPANY, Limited.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 4, 1902. .          DECIDED MARCH 27, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Objection to instructions, directions or conduct of the trial judge to the jury must be promptly made by noting exception thereto in order that the same may be subject to review on appeal.

### OPINION OF THE COURT BY GALBRAITH, J.

This is an action for damages resulting to the plaintiff from the alleged carelessness of an agent and employee of the defendant. The jury returned a verdict for the defendant. The plaintiff comes to this court on exceptions, (1) to the overruling of the motion for a new trial; (2) that the trial court coerced the jury into finding a verdict.

The exception to the verdict of the jury, properly embodied in the motion for a new trial, "that the verdict was contrary to the law and the evidence and the weight of the evidence," was not well taken. The plaintiff and two others testified in his behalf and if their evidence was accepted as true by the jury the defendant was liable and the verdict should have been for the plaintiff. On the other hand five witnesses testified for the defendant, and if they were believed by the jury the defendant was in no way at fault and was not liable. So a verdict for either party would have found support in the evidence.

The alleged acts of coercion consisted of keeping the jury out after they had reported that they could not agree, and certain

charges and statements made by the judge to the jury at the several times they reported to the court. No exceptions were taken by counsel to any of these charges or statements at the time they were made. Counsel was present and assenting to each of them and did not discover that they amounted to "legal coercion" until after the verdict was returned against his client. If the conduct of the judge was objectionable, counsel should have noted exceptions at the time. *Gillespie v. McBryde*, 13 Haw. 433. The counsel for the plaintiff not only acquiesced in the acts and instructions alleged to constitute "legal coercion," by his silence, but positively refused to consent to the discharge of the jury at noon on the day after the cause was given to it and after most of the acts here complained of had taken place. He is now in no position to allege as error matters to which he gave his approval in the presence of the court and jury. As was said in *Lihue Pl. Co. v. Kepalai*, 13 Haw. 316, "Counsel on the contrary, saw fit to speculate on the chances of a favorable verdict. Having done so the plaintiff must abide by the consequences; by his conduct he has waived such right as he otherwise might have had to the relief now sought."

The exceptions are overruled.

*Geo. A. Davis* for plaintiff.

*J. T. De Bolt* for defendant.