S. Marie Daggett *vs*. Eugene L. Smith.

S. Marie Daggett *vs*. Nellie B. Smith.

Somerset.     Opinion, July 12, 1934.

*Butler & Butler,*
*Merrill & Merrill,* for plaintiff.
*Gower & Eames,*
*James H. Thorne,* for defendants.

Sitting: Pattangall, C. J., Dunn, Sturgis, Thaxter, Hudson, JJ.

PATTANGALL, C. J.   On report. Both cases may be considered in one opinion as the questions involved in each are identical. Assumpsit for money paid out for use of defendants and at their request.

In September, 1924, two judgments were recovered against Edward I. Sabin, son-in-law of plaintiff and whose wife was a cousin of defendant Nellie B. Smith, wife of Eugene L. Smith. Sabin had no property and until 1928 no attempt was made by his creditors to collect the executions issued on the judgments against him. In April of that year, his wife died possessed of certain real estate which descended to him and plaintiff in equal shares.

Immediately following the death of Mrs. Sabin, the interest in the real estate which he had acquired by inheritance was seized on one of the executions and he was arrested on the other. He procured a release from the arrest by giving a statutory bond, the two defendants being sureties thereon. He later surrendered himself on the bond and was again taken into custody, proceedings for his release having failed. It was then arranged that he should settle both claims by giving a demand note, endorsed by the two defendants and the plaintiff, in the order named, which note on May 16, 1928, was discounted by the local bank and the judgments against him satisfied.

On the first of June, the bank demanded payment of the note or security therefor and plaintiff and Sabin gave a new note, secured by a mortgage on the real estate inherited from Mrs. Sabin, and endorsed by defendants.

The matter stood for four years. Plaintiff paid the interest during that period, but the taxes on the real estate were in default and the bank insisted on payment. Suit was brought against Sabin, the plaintiff and both defendants jointly, and judgment rendered by default. On the judgment, Sabin's real estate was sold for a sufficient sum to satisfy so much of the judgment as exceeded $2,391.16; and to protect her real estate, which had been attached in the proceedings, plaintiff paid the remainder and brings these actions to enforce contribution on the part of defendants, joint judgment debtors with her.

On the face of the judgment all of the parties were equally liable and subject to contribution to one who paid the amount

thereof, but it is admitted that it is proper to go behind the judgment and determine the equitable rights of the parties before contribution can be enforced. So far as Sabin was concerned, it is of course apparent that the liability of all of the other parties was secondary to his. Plaintiff and both defendants came into the transaction for his accomodation. But defendants take the position that they are excused from contribution to plaintiff because on the second note plaintiff signed as co-maker with Sabin, while they signed as endorsers and that, as their signatures were procured after plaintiff had so signed, they can not be held by plaintiff for any part of the money paid out by her, relying upon *Wescott* v. *Stevens*, 85 Me., 325, 27 A., 146.

Without questioning in the slightest degree the authority of that case, the rule therein laid down does not, we think, apply here. There is no conflict between the law as stated in *Wescott* v. *Stevens*, supra, and that in *Holston* v. *Haley*, 125 Me., 485, 135 A., 98, 100. In the latter case, a modification of the rule appears:

"The general principle is that when the endorsers are engaged in a common enterprise and their endorsements are for the sole purpose of furthering that enterprise in which each one's interest is equal with that of each of the others, it may be sufficient without any express understanding on which to base a finding by a court or jury that the endorsements were joint and not successive. Under such circumstances payment by an endorser on account of such joint liability, unless explained, is surely sufficient to warrant such a conclusion."

This seems applicable. Plaintiff and defendants, relatives, or at least family connections, of Sabin, engaged in a common enterprise in which their interests were equal. They acted together to protect him from arrest and imprisonment. There is sufficient in the case to satisfy us that their understanding was that they were assuming a joint risk. Certainly plaintiff had no intention, when she signed the second note as co-maker, to release defendants from the liability which they had incurred by endorsing the first note.

Had plaintiff paid the first note, on which it appears that her name stood last, it would have been inequitable that she should have been permitted to collect the entire debt from defendants. On

the other hand, her right to demand contribution could not have been questioned. Had she, instead of paying cash for the first note, taken it up by giving the bank her own note, she would have been entitled to contribution. It would not be argued that merely because defendants endorsed the second note they escaped a liability which would have unquestionably existed had they not done so. Such a position would be patently absurd. Yet that is what defendants' claim really resolves itself into when analyzed.

The action is equitable in its nature. The equities are plainly with plaintiff and her right to contribution rests upon sound legal principles. The cases being on report, the mandates in both must be

> *Judgment for plaintiff in both cases. Damages to be assessed below in accordance with this opinion.*