## Case No. 12,274.

SALZOBEL et al. v. The ROLLING WAVE.

[N. Y. Times, Nov. 13, 1863.]

District Court, S. D. New York. 1863.

CHARTER PARTY — ACTION IN REM — GOODS IN POSSESSION—IN PERSONAM.

In admiralty. This action [by Vincenzio Salzobel and others against the brig Rolling Wave, and W. W. Collins, her master] was brought to recover damages for breach of a charter party. The libel alleged that the charter was made at Philadelphia, May 22, 1862, between Collins and Rubira & Co., agent of the libellants, who live in Cuba, for a voyage from Cienfuegos to the United States, and that the charter was wholly uncomplied with by the vessel. The answer denied that allegations of the libel constitute any cause for action against the vessel, and set up other matters, which, not being supported by proofs, cannot be considered by the court. The case was submitted to the court on the libel and answer.

Eaton, Davis & Tailler, for libellants.
Beebe, Dean & Donohue, for claimant.

HELD BY THE COURT (BETTS, District Judge): That the contract is of a maritime character, and comes within the scope of a court of admiralty. But that the authority of the court cannot be exercised in rem against the ship to compel the performance by her of agreements in relation to the cargo to be transported in her, unless the cargo is actually or constructively in her possession. [Hickox v. Buckingham] 18 How. [59 U. S.] 182; [Dynes v. Hoover] 19 How. [60 U. S.] 82. That the action in rem cannot be maintained on the averment of the libel. That the libellants, however, may possess a right to seek relief under the other form of the action by charging the master personally for the damages.

Libel dismissed as to the vessel.

## Case No. 12,275.

SAM v. GREEN.

[2 Cranch, C. C. 165.] [1]

Circuit Court, District of Columbia. April Term, 1819.

SLAVERY—IMPORTATION INTO DISTRICT OF COLUMBIA—HELD UNDER DIFFERENT MASTERS.

A slave does not acquire freedom by an importation and continuance a year in Alexandria, unless he continue there one year under the same master or owner.

[This was an action by Negro Sam against James Green. Petition for freedom.]

Mr. Taylor, for plaintiff.
Hewitt & Stone, for defendant.

THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the defendant's counsel, instructed the jury that the plaintiff did not acquire a right to freedom by being brought into Alexandria, and continuing there one year, unless he was continued there a year by one and the same master. For the loss of the property in the slave was in the nature of a penalty; that no freedom can be acquired under the second section of the act, but in a case in which the penalty of $200 also is incurred, under the third section of the act of 17th of December, 1792.

[1] [Reported by Hon. William Cranch, Chief Judge.]