May Term, 1825.

Doe
v.
Chunn.

*Per Curiam.*—The judgment is affirmed with costs.

(2) Ante, p. 333.

## Doe, on the Demise of Lemon, v. Chunn.

The act of 1820, incorporating the borough of *Charlestown*, authorized the collector to sell lots for non-payment of taxes, but was silent as to the making of conveyances: *Held*, that though the previous proceedings were regular, the deed of the collector vested no title in the purchaser.

Wednesday, May 4.

APPEAL from the *Clark* Circuit Court.—The verdict and judgment, in this case, were for the defendant.

Scott, J.—Ejectment for a lot in *Charlestown*. The plaintiff claimed title under a sale by the collector of the borough taxes. The incorporating statute gives authority to the trustees to levy a tax, and to appoint a collector; and provides further, that if the taxes be not paid within ten days after demand made as directed by the said statute, it shall be the duty of the said collector to advertise such real property as shall have been subject-

ed to taxation by assessment, and then proceed to sell the said property or so much thereof as will satisfy the amount of taxes due thereon, &c.; and gives the privilege of redemption, as in cases of lands sold for taxes by authority of the revenue laws of this state. Stat. 1819, p. 41. On the trial of the cause the Court below instructed the jury, "that a sale of a lot made by the collector of the borough of *Charlestown* appointed under said act, for a tax levied thereon by the trustees of the borough of *Charlestown*, in strict conformity with the provisions of the act aforesaid authorizing and requiring such collector to sell; and a regular deed of conveyance made of the same, in pursuance of such sale, by such collector to the purchaser thereof, did not, under the said act of 1819, vest in such purchaser a sufficient legal title, (after the expiration of the time of redemption allowed by law, no redemption thereof having been made or offered,) to authorize his lessee to recover in the action of ejectment; and that the jury must therefore find for the defendant."

In this case, the plaintiff's claim rests solely on the sale and conveyance by the collector of the corporation taxes. The defendant alleges, that the act of incorporation did not authorize the collector to make a conveyance of real estate, so as thereby to divest the title of the original owner. And this is the only point presented for our consideration.

It is a general rule of law, that a corporation can act in that manner only which is prescribed. 2 Cranch, 165. The act of incorporation gives them all the power they possess. They can make no contract but by its special and express authority. At the time the act of incorporation was passed, the collector of the state and county revenue had no authority to convey real estate sold by him for taxes. He was authorized to sell and give a certificate of sale, which, after a lapse of time, became a conveyance by operation of law. Stat. 1817, p. 265. The statute makes no such provision in case of a sale by a collector of borough taxes. It is evident that neither the collector nor the purchaser understood that provision as applicable to this sale; otherwise the conveyance by the collector to the purchaser was useless and nugatory. A subsequent revenue law has authorized a conveyance, two years after the sale, by the successor of any collector who may have sold real estate for taxes. No such provision exists in the act of incorporation. Is it insisted that an authority to sell implies an authority to convey? The answer is,

that, by reference to the statutes already mentioned, and several others which might be noticed, it will be found that the usual language of the legislature is to consider a sale and a conveyance as distinct and separate acts, which may be performed at different times and by different persons. To take private property by public authority, even for public uses, without a just and fair equivalent, is contrary to the fundamental principles of free government. Any statute, therefore, which goes to divest the title of a citizen to real estate, although it may be for the public good, must be strictly construed. Its provisions can be enforced no further than they are clearly expressed. This principle applies in the present case with double force. The statute under consideration creates a new jurisdiction, distinct from and in derogation of the general law of the state. Such statutes are always construed strictly. The corporation has no authority but what is expressly given; it can assume no power by implication; and when the proceedings of its agents are not clothed with the authority of the statute, they are of no more validity than if the body had never been incorporated. Is it inquired, then, how the purchaser is to obtain his right? We answer: The method is not pointed out by legislative authority; it is a case not provided for in the statute, and a Court of law cannot supply the defect. The judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*Howk*, for the appellant.

*Morrison*, for the appellee.