## Case No. 9,647.

### MINTURN v. SMITH.

[3 Sawy. 142; ¹ 1 Am. Law T. Rep. 507.]

Circuit Court, D. California. Sept. 14, 1874.

TAXATION—TAX TITLE—VOID—CLOUD ON TITLE—INJUNCTION.

1. The general statute authorizes a .tax collector for state and county taxes to execute a deed upon a tax sale, and further provides that such deed shall be prima facie evidence of certain facts recited therein, and conclusive evidence of the regularity of the proceedings in all other respects. A subsequent statute provides that a town tax in a certain town shall be assessed and collected at the same time, and in the same manner as provided by said general act, and confers upon the town treasurer all the powers exercised by the tax collector of the state and county taxes under the general act, but makes no provision as to the effect of the tax deed executed by the town treasurer. Held, that such deed will not be prima facie evidence of the regularity of the prior proceedings.

2. A void tax deed which the statute does not make prima facie evidence of the regularity of the assessment and sale, does not cast a cloud upon the title.

3. An injunction will not be granted to restrain the collection of a tax, where the deed issued upon a sale for taxes would not cloud the title.

[This was a motion for an injunction by Edward Minturn against Thomas A. Smith to restrain the collection of certain taxes.]

W. W. Crane, for complainant.

George W. Tyler, for defendant.

Before FIELD, Circuit Justice, and SAWYER, Circuit Judge.

SAWYER, Circuit Judge. The question in this case is, whether a deed issued by the treasurer of the town of Alameda upon a

¹ [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

sale for town taxes under the act of 1872 [Laws 1871–72, p. 276] to incorporate the town of Alameda, would be prima facie evidence of title, and would, therefore, cast a cloud upon the title. Section 7 of the act is as follows:

"The annual tax authorized by this act to be levied by the board of trustees, shall be levied, assessed and collected at the same time, and in the same manner, as is or may be by law provided for the levying and collecting state and county taxes within the county of Alameda, the treasurer being hereby vested with the same powers to make collections for taxes as is, or shall be, conferred upon tax collectors for the collection of state and county taxes within said county."

This is the only provision of the act affecting the question. The general provisions of the Political Code relating to the collection of state and county taxes, have no application except so far as they are made applicable by said section seven. The general statute is made applicable, so far as the mode, manner, and time of assessing and collecting the tax is concerned, and the treasurer, with respect to the town tax, is vested with all the powers that are conferred upon tax collectors of state and county taxes by the Political Code, but it goes no further. The town treasurer may sell for town taxes legally levied, and execute a deed in pursuance of such sale, because the tax collector of state and county taxes may do so. The power of the treasurer is spent when he has executed the deed.

Section 7 does not say what the effect of that deed shall be. It does not provide that it shall have any other effect than ordinary deeds executed by public officers upon tax sales. The general act does not stop with authorizing the tax collector to execute the deed prescribed, but goes on in sections 3786 and 3787, to provide, that the deed so executed by the tax collector shall be prima facie evidence of title in the grantee as to certain enumerated particulars, and conclusive evidence as to all others. This is something outside and beyond the powers of the tax collector. It is intended to change a rule of. evidence—to shift the burden of proof as to the regularity of the proceedings resulting in the tax deed from the claimant under, to the party claiming against, the tax deed.

The act under which the tax in question is levied, stops short of the effect of the deed as an instrument of evidence. It says nothing about its effect, but ends with the powers of the treasurer. Without such provision the deed can only have the effect of ordinary tax deeds. The act must be strictly construed, as it assumes to divest title to land in invitum. That such is the rule, is clear from the principal authority cited by complainant, Sibley v. Smith, 2 Mich. 487. In that case the statute, besides the provision that the officers should proceed in the same

manner and exercise the same powers as the officers under the general act, adds, "and in all respects, with the like effect." It was upon this clause alone that the title was sustained. See, also, 1 Blackf. 336; Blackw. Tax Titles, 449 et seq., and cases cited. We do not think the deed which the treasurer is authorized to issue, would have the same effect as evidence as a deed executed by the tax collector under the general law. It would not be prima facie evidence of title, and consequently would not cast a cloud upon the title. This is settled by numerous decisions in this state. Huntington v. Central Pacific R. Co. [Case No. 6,911], and cases cited. There is, therefore, no ground for an injunction.

Motion for injunction denied.