P. G. & C. F. STONEY *vs.* THE AMERICAN LIFE INSURANCE COMPANY and others.

Where the purchaser of real estate, at a master's sale, procured the conveyance from the master to be made to trustees, for the purpose of securing the payment of a loan which was alleged to be usurious, and to hold the property in trust for him, after payment of such loan, and such trustees and the purchaser at the master's sale subsequently agreed to sell the premises to a third person, for a specified sum, part of which was to be secured by bond and mortgage, for the benefit of the party from whom the loan was obtained; and the property was conveyed, and a bond and mortgage given accordingly; *Held*, that the mortgagor could not set up the alleged usury, between the original parties to such loan, to avoid the payment of his bond and mortgage.

A negotiable security of a corporation, which upon its face appears to have been duly issued by such corporation, and in conformity with the provisions of its charter, is valid in the hands of a bona fide holder thereof without notice, although such security was in fact issued for a purpose and at a place not authorized by the charter of the company, and in violation of the laws of the state where it was actually issued.

The making of a contract in this state, by a foreign corporation, does not render such contract void, unless the making of the contract here is contrary to the laws of this state.

THIS was an appeal, from an order of the vice chancellor of the first circuit, denying an application, of the defendants, to dissolve the injunction which had been issued in this cause; and also denying their application that the complainants should give security for the costs and damages which might result from the delay caused by such injunction.

*B. F. Butler & D. Lord*, for the appellants.

*D. Webster & D. D. Field*, for the respondents.

THE CHANCELLOR. The claim to relief, in this bill, is based upon the supposition that the agreement between Davis and the American Life Insurance and Trust Company, for the loan of the certificates of the company, was usurious; and that the complainants, who subsequently assumed the payment of the

amount of these trust certificates, which Davis had received from the company, are in a situation to take advantage of the supposed usury. I doubt whether the necessary averments, as to the probable difference in exchange between London and New-York at the times when the principal and interest upon the certificates loaned to Davis were payable, and as to the corrupt intention of the parties to the transaction, are made and sworn to, in this bill, so to raise the question of usury upon the present application. But even if the arrangement between Davis and the company was usurious, I am satisfied that the complainants are not in a situation to take advantage of that objection, in this court. Their only title to the premises, is under the conveyance from Duer and Robinson; who obtained title to the mortgaged premises under or through that arrangement. And if the title of Duer and Robinson was void, on account of the alleged usury, the title to the premises in question is not in the complainants, but is in the assignees of Dudley & Stuyvesant.

Again; the facts in the case show that Davis was not acting as the agent of Stoney, but for himself and the assignees, in making the arrangement with the company for the loan of its certificates. And Stoney was in no event to have the property, without paying a certain fixed amount; whatever it might cost Davis and the assignees to raise the money to pay off the prior incumbrances. The subsequent conveyance, therefore, by Duer and Robinson, the assignees, to one of the complainants, was a sale of the property for a specified sum. That sum Davis and the assignees had a right to insist should be paid or secured to the company, and to the assignees, as a condition precedent to such conveyance; whether the arrangement between Davis and the company was or was not usurious. And Stoney having taken the conveyance, and given his bond and mortgage pursuant to that agreement, he and his co-complainant cannot now set up a defence to the bond and mortgage which Davis never intended to give Stoney, or those claiming under him, the right to set up.

The same difficulty exists to their raising the objection that the original transaction, between Davis and the company, was

illegal upon any other ground. The legal title to the premises was in Duer and Robinson, under the master's deed, with the assent of Davis the purchaser at the sale under the decree of foreclosure. And he had a right to insist that Stoney should not have that title without paying, or securing to the trust company, the sum which he had agreed to pay; and without reference to the legality of the original transaction between Davis and that company. The company was bound to pay its certificates to the holders thereof. For such certificates are legal on their faces; and bona fide holders, who have bought them without knowing that they were not in fact issued at Baltimore, and upon actual deposits in trust, can recover on them, even if they were issued in this state, in violation of our restraining laws. Stoney, therefore, having taken the conveyance of the land from the trustees of the company, and having, as the consideration of that conveyance, agreed to pay the amount of the certificates which had then become the proper debts of the company, was not at liberty to set up the illegality in the original transaction, between the company and Davis, if any such illegality in fact existed. Again; I have not been able to find any thing that is sworn to in this bill, which goes to show that the transaction between Davis and the company was in violation of the restraining laws of this state. For it is not sworn that the company kept an office, in this state, for the purpose of receiving deposits. And I infer from the bill that no deposits were in fact received here, or elsewhere, for which the certificates of deposit mentioned in the bill were issued. The mere fact that the company transacted its business here, when it was not prohibited by our laws from doing so, could not render contracts which were made by or with it void.

It appears the complainants have amended their bill, in many respects, since the order appealed from was made; but this appeal must be disposed of upon the facts as stated in the original bill. I have not deemed it necessary, therefore, to examine those amendments for the purpose of seeing what effect they may have upon this case in a future stage of the proceedings. I am satisfied, however, that the injunction should not have been granted upon

facts that were properly verified and positively sworn to in the original bill. The order appealed from must therefore be reversed; and the injunction must be dissolved. The costs of the appellants on the motion in the court below, as well as upon this appeal, are to abide the event of the suit.