## HOLLINGSWORTH V. SWICKARD.

| 10   385
|121   450

1. USURY: PRIVITY. Where a mortgage was executed to secure a usurious note, and a subsequent purchaser of the mortgaged premises, in the performance of his contract of purchase, discharged said note and mortgage by the execution of his own note for the amount thereof, (including the usury,) and another mortgage on the same premises; it was held, in a proceeding to foreclose said second mortgage, that the purchaser and mortgagor could not set up as a defense the usury in the note of his grantor.

2. SAME. Under chapter 37, Laws 1852–3, usury in a contract can not be pleaded by a defendant, who was neither a party thereto, nor a privy having authority to interpose such plea.

*Appeal from Lucas District Court.*

SATURDAY, APRIL 14.

THIS is a proceeding to foreclose a mortgage upon a certain real estate, given to secure the payment of a note executed by defendant to plaintiff, May 16th, 1857, for $882. Defendant pleads usury. In the answer it is alleged that one Spray borrowed of plaintiff one thousand dollars, upon the 28th day of July, 1855, for one year, for which sum and the interest thereon, said Spray gave to plaintiff his note for $1250, and a mortgage upon certain real estate, to secure the payment of said note. That defendant purchased of said Spray the real estate thus mortgaged, and in part consideration therefor, agreed to pay plaintiff the note given by Spray to plaintiff, and thus release the lien of plaintiff upon the land purchased by defendant. That defendant paid to plaintiff on said note the sum of $650, about the time the same became due; and about ten months thereafter paid the further sum of $58 on said note, and executed to plaintiff a new note for $882, the balance due on said Spray's note, (the one now sued upon;) and also executed a mortgage to plaintiff, upon the land thus purchased, which is the one now sought to be foreclosed. Defendant claims that in the note

of Spray to plaintiff there was usury to the amount of $250, which amount was included in the note given by defendant to plaintiff, and that he should not be required to pay the same. To that portion of defendant's answer which set up usury in the note of Spray, plaintiff demurred, which demurrer was sustained by the Court.   Defendant appeals.

*Williamson & Nourse* for the appellant.

*J. E. Williamson* for the appellee, cited Blydenburg on Usury 116; 8 Ind. R. 352; 9 Ib. 135; 4 Dana 177; 10 John. 185; *Bacon* v. *Lee* and *Gray*, 4 Iowa 490.

BALDWIN, J.—The appellant assigns as error, the action of the District Court in sustaining the demurrer of the plaintiff, and thus allowing plaintiff to recover the sum of $250, the amount of usurious interest in the note of Spray to plaintiff.   By an act of the legislature of this State, the rate of interest is fixed at six per cent.   The parties to the contract may, however, agree upon a higher rate, not to exceed ten per cent.   Session Laws 1853, chapter 37.   Section 4 of said act provides, "that no person shall, directly or indirectly, receive in money, goods, or things in action, or in any other manner, any greater sum for the loan of money." Section 5 of said act provides "that if it should be ascertained in any suit brought on any contract, that a rate of interest has been contracted for, greater than is authorized by this act, either directly or indirectly, the same shall work a forfeiture of ten per cent per annum to the school fund of the county in which such suit was brought, and the plaintiff shall have judgment for the principal sum without either interest or costs."

This suit is brought upon a contract to which Spray was not a party.   In the contract between Spray and defendant, there is no usury.   Spray sold to defendant a tract of land, and defendant, in part consideration therefor, agreed to pay Spray's note to plaintiff.   The defendant did pay off the note of Spray, a part in money and a part by the giving of

his own note for the balance.    In other words, Spray does not seek to avoid the usury in his contract, is willing the plaintiff should have the interest he agreed to give, and placed money in the hands of defendant for the purpose of paying the same, but defendant without authority from Spray, sets up the usurious contract.

It is urged that section 4 of said act prevents the court from allowing the plaintiff to receive more than the legal rate of interest, and that the District Court by sustaining the demurrer thereby permitted the plaintiff to have judgment for illegal interest.    It must be upon suit brought upon the contract, which of itself brings to the knowledge of the court the usury therein, or upon plea by the borrower, that the court will take cognizance of such usury.    It is the borrower alone who is protected by the law from the excessive interest, and he must be the party to the suit before the court will protect him.    Judgment must be rendered against him for the penalty forfeited to the School Fund.    We think that when defendant paid off the note of Spray, and the mortgage from Spray to plaintiff was canceled, the privity of contract between plaintiff and Spray ceased to exist; that the contract upon which the present suit was brought was separate and independent of the one between Spray and plaintiff; that the usury in the contract between Spray and plaintiff does not enter into and become a part of the contract between plaintiff and defendant.

The judgment of the District Court is affirmed.