## Frost v. Shaw, *et al.*

1. Usury. A defendant in an action to foreclose a mortgage can not interpose as a defense a plea of usury in a contract to which he was not a party, nor a privy having authority to interpose such plea. *Hollingsworth* v. *Swickard, ante,* followed.

*Appeal from Floyd District Court.*

Thursday, June 28.

The defendants, Ira Shaw and wife, executed to plaintiff their mortgage upon certain real estate, subsequent to the date of which, they sold the property thus mortgaged to the defendant, Philip Simmons. The plaintiff filed his petition to foreclose the mortgage, in which he makes Simmons a party, for the purpose of foreclosing his equities in the mortgaged premises. Shaw and wife failed to answer. Simmons filed his answer, in which he alleged that in the note

given by Shaw to plaintiff, and for which the mortgage was given as security, there was usury; to which answer plaintiff demurred. The court overruled the demurrer, and this ruling is the error assigned.

*French, Wiltse & Fairfield* for the appellant. Simmons purchased barely the equity of redemption, and can not avail himself of the plea of usury. *De Wolff* v. *Johnson*, 10 Wheat. 367; *Green* v. *Kemp*, 13 Mass. 515; *Bridge* v. *Hubbard*, 15 Ib. 96; 1 Hill. Mort. 380; 2 Pars. Cont. 399; *Bearce* v. *Barstow*, 9 Mass. 45; *Mechanics' Bank* v. *Edwards*, 1 Barb. 271; *Sands* v. *Church*, 2 Seld. 347; *Stoney* v. *American Life Insurance Company*, 11 Paige 635; *Post* v. *Dart*, 8 Ib. 639.

*J. G. Patterson* for the appellee, relied upon *Bacon* v. *Lee & Gray*, 4 Iowa 490; 2 Pars. Cont. 394.

BALDWIN, J.—The question presented in this case is, whether a person not privy to an usurious contract has a right to plead such usury when not authorized to do so by the party agreeing to pay the usurious interest. In this case, Shaw and his wife are willing to stand by their contract, and have no such plea to interpose. They are the only parties upon whom such contract operates unjustly and yet they make no complaint. Simmons purchased the real estate fully advised of the amount of plaintiff's lien thereon, and being thus advised of such lien, it must be presumed he took the same subject to plaintiff's equities. It has been held by this court in *Hollingsworth* v. *Swickard*, *ante*, that the plea of usury could not be interposed by a person not a party to the contract alleged to be usurious. In this case, Simmons was not a party to the contract on which plaintiff seeks to recover. A judgment against Shaw and wife in no manner affects him. It does not increase his liability to Shaw, nor can any judgment be rendered against him for the amount forfeited to the State by the act of the parties to the illegal contract.

We think that the demurrer of plaintiff should have been sustained.

Judgment reversed.