## Perry v. Kearns.

1. **USURY: WHO MAY PLEAD.** The grantee of real estate cannot without the consent of the grantor, interpose a plea of usury to a proceeding to foreclose a mortgage executed by such grantor; following *Hollingsworth* v. *Swickard*, 10 Iowa, 385; *Frost* v. *Shaw*, Id., 491; *Powell* v. *Hunt*, 11 Id., 491.

*Appeal from Clark District Court.*

THURSDAY, APRIL 17.

INJUNCTION. The petition shows that on the 3d day of June, 1856, one Webster borrowed of Kearns the sum of one thousand dollars, for the use of which he agreed to pay interest at usurious rates. Webster executed his note for a

sum equal to the principal and the usurious interest, and secured the same by executing a mortgage on certain real estate. This real estate was subsequently sold by Webster to plaintiff, and conveyed by deed of general warranty. The plaintiff in this proceeding sought to enjoin the foreclosure of the mortgage for the usurious interest which formed a part of the balance due on the note from Webster, his grantor, to the defendant. The injunction was granted, and from a judgment of the court overruling a motion to dissolve it, the defendant appeals.

*Casady* v. *Polk* for the appellant, relied upon *Hollingsworth* v. *Swickard*, 10 Iowa, 385; *Frost* v. *Shaw*, Id., 491; *Powell* v. *Hunt*, 11 Id., 430.

*T. B. Perry* for the appellee, contended that there is a privity of contract between the borrower and his grantee, citing *Floyd* v. *Scott*, 4 Pet., 205; *Trumbs* v. *Blizzard and Jacobs*, 6 Gil. & John., 20; *Doud* v. *Barnes*, 1 Md. Ch. Decisions.

WRIGHT J. — The cases of *Hollingsworth* v. *Swickard*, 10 Iowa, 385; *Frost* v. *Shaw*, Id., 491; and *Powell* v. *Hunt*, 11 Id., 430, are decisive of the question involved in this; and following them, we are constrained to hold that the court below erred in refusing to dissolve the injunction. Complainant was in no condition to object to the alleged usury in the original contract between his grantor and the respondent. And see further upon this subject, *Stephens* v. *Minor*, 8 Ind., 352; *Campbell* v. *Johnston*, 4 Dana, 177.

Reversed.