## GREITHER v. ALEXANDER *et al.*

1. FORECLOSURE: BILL. A petition in a foreclosure proceeding which makes third parties defendants for the purpose of cutting off their equities or claims to the mortgaged premises, is not for that reason, multifarious. *Pearson* v. *David*, 1 Iowa, 23 ; *Bowers* v. *Keesecker*, 9 Iowa, 422.

2. TESTIMONY OF CO-DEFENDANT. When an application for a rule by one defendant to take the testimony of his co-defendant showed that the granting of the rule would involve a continuance of the cause, and no proper showing for a continuance was made, and it further appeared that such co-defendant was interested in the result of the suit, it was held that the District Court did not abuse its discretion in refusing the rule.

3. ERROR WITHOUT PREJUDICE. The Supreme Court will not interfere with a decree rendered in a chancery cause upon the ground that the court erroneously refused to suppress depositions, when the decree is sustained by the evidence embraced in depositions to which no objection was urged.

4. EQUITY. When H executed a mortgage upon a steam mill to G to secure the payment of a sum of money, the title to the land being in one C who had entered into a contract to convey the same to the mortgagor; after which the mill was purchased by A and others, who procured a convey-

ance of the land on which it stood from C, and who purchased with full knowledge of all the circumstances, and with the full understanding that the mortgage debt should be paid, it was *held:* 1. That in a proceeding to foreclose the mortgage, the purchasers were properly made parties; 2. That the purchasers took their title subject to the mortgage.

5. WHO MAY PLEAD USURY. The vendee of property charged with a mortgage cannot interpose a plea of usury in a proceeding to foreclose the same. (*Perry* v. *Kearns,* 13 Iowa, 174; *Hollingsworth* v. *Swickard,* 10 Id., 385; *Frost* v. *Shaw,* Id., 491; *Powell* v. *Hunt.et al.,* 11 Id., 430, and the cases there cited.)

6. DEFECT IN EXECUTION OF MORTGAGE. A subsequent grantee of mortgaged property, who has purchased the same assuming the payment of such mortgage, cannot, in a proceeding to foreclose, object to the mortgage on the ground of an alleged defect in the manner of execution, when the mortgagor does not interpose any objection upon that ground.

*Appeal from Boone District Court.*

TUESDAY, JANUARY 5.

THE facts sufficiently appear from the opinion.

*James M. Ellwood* for the appellant.

I. A bill is multifarious which gives distinct and independent matters; which recites matters perfectly distinct and unconnected against one defendant; or several matters of a distinct independent nature against several defendants. Story Eq. Pl., §§ 271 and 530; *Boyd* v. *Hoyt,* 5 Paige Ch. R., 65; *Jackson* v. *Frost,* 2 Bail. Ch. R., 576; *Newland* v. *Rogers,* 3 Id., 432; *Gammel* v. *Young,* 3 Iowa, 297.

II. The order for the examination of the co-defendants should have been granted. The practice in chancery cases authorizes and allows the examination of one defendant by his co-defendant, when the defendant to be examined is not interested in the result. *Paddock* v. *Brown,* 3 P. Wm., 288; *Gross* v. *Tracy,* 1 Id., 1; *Haws* v. *Hand,* 2 Atk., 615; 2 Ves., 43; *Bradley* v. *Root,* 5 Paige Ch., 632; *Beebe* v. *The Bank of New York,* 1 John., 556; *McDonald* v. *Neilson,* 2

Cow., 139; *Kirk* v. *Hodgson*, 2 John. Ch., 550; *Pratt* v. *Adams*, 7 Paige Ch., 661; *American Life and Trust Company* v. *Sackett*, 4 Barb. Ch., 585.

*Finch*, *Clarke & Rice* for the appellee.

I. A bill against several persons joining several and distinct causes of complaint, will not be treated as multifarious, if they arise out of the same transactions and present a common point of litigation, the decision of which affects the rights of all the defendants. *Bowers* v. *Keesecker*, 9 Iowa, 422; *Pierson* v. *David et al.*, 1 Id., 23; Story Eq. Pl., §§ 285, 530, 534, 540; 2 How. Sup. C. R., 619; 6 John. Ch., 139; 4 Cow., 682; 9 Paige, 295; 5 Id., 65; 1 Sandf., 366; 1 Young, 373; 1 Russ., 293; Story Eq. Pl., § 261.

II. The Court did not err in refusing the order to take the evidence of the co-defendants. Bail. Ch. Pr., 260; 3 Atk., 402; 1 Id., 204; *Chambers* v. *Chalmers*, 4 Gill & Johnson, 421; *Cutter* v. *Fanning*, 2 Iowa, 581; 11 Met., 505; 1 Greenl. Ev., § 390; *Adams* v. *Foley et al.*, 4 Iowa, 44.

WRIGHT, Ch. J. — Complainant loaned to Hoskins & Co. a sum of money, and took a mortgage upon a certain steam mill; not, however, including the lot or ground upon which it was erected. The title to the land was in Clarke, but the mortgagors had a contract for its purchase. Subsequently the mill and machinery were sold to Alexander and others, they having knowledge of the mortgage. At the same time the respondents (Alexander and others) obtained a deed from Clarke for the land. Complainant seeks to foreclose this mortgage, and to set aside the conveyance from Clarke to respondents. Hoskins & Co., Clarke and his vendees, are made parties. The mortgagors made no defense. The bill was dismissed as to Clarke, and the whole controversy was narrowed down to the

inquiry whether complainant's mortgage was valid as to the subsequent purchasers, Alexander and others. The Court below found for complainant, and respondents appeal, claiming:

I. That the bill is multifarious. If, however, it ever partook of this character, the defect was obviated when complainant withdrew all claim for relief against Clarke. After this he only claimed a foreclosure of a mortgage against the mortgagors, upon the building and machinery, and made the subsequent purchasers parties to cut off or have settled any equity or claim they might have to the same. A bill of this character has never been held obnoxious to the objection stated, to our knowledge, by any court. There is no pretense for claiming that it joins distinct and independent matters against one defendant. Nor does it unite matters distinct and unconnected against several respondents. It is but an ordinary case, where the causes of complaint arise out of the same transaction, and present a common point of litigation, the decision of which affects the rights of all the defendants. *Pearson* v. *David*, 1 Iowa, 23; *Bowers et al.* v. *Keesecker et al.*, 9 Id., 422.

II. A motion was made by respondent for a rule to take the testimony of his co-defendants, and the overruling of this motion is now insisted upon as error. One answer to this position is, that it involved a continuance of the cause. Indeed, the motion itself asked that there should be a continuance. The action had been pending for more than two years, and the necessity for the proposed testimony was as reasonably apparent for months prior as it was when this motion was made. In the exercise of a sound discretion, therefore, the court might well refuse the application. Not only so, but the defendants, whose examination was proposed, were liable for costs, if complainant succeeded, if not to a decree affecting them even more materially, and

therefore the testimony would have been improper. *Chambers* v. *Chalmers*, 4 Gill & John., 420.

III. It is urged that the depositions of Ezra A. Hoskins and others should have been suppressed. And in this connection it is insisted that we are not to consider the testimony of several witnesses found in the record, which was, by the court below, on respondent's motion, excluded. The cause has been pending since 1857. Was decided in the District Court in April, 1860. The testimony of several witnesses was taken, the depositions suppressed, they were again examined, and a second effort made to exclude the same. Innumerable objections almost were made; also to specific interrogations and answers, and these depositions, motions, and the orders thereon, are scattered in the most inextricable confusion through a most illegible transcript of two hundred and fifty pages. After examining the whole of it, however, we can arrive at but one conclusion, and that is, that excluding all the testimony objected to, and giving to the respondents all the benefit resulting from such exclusion, the equities are still strongly in favor of complainant. It is most manifest to us that Hoskins & Co. owned the mill at the time of making this mortgage, that respondents bought with a full knowledge of all the circumstances, and with the distinct understanding that they were to see that complainant's debt was satisfied. The pretext that the property belonged to Hull & Co., the builders of the engine and machinery, that Hoskins & Co. had no title to it, and no right to mortgage it, that respondents bought of Hull & Co. with the understanding that the mortgage was invalid, has no foundation whatever in the testimony. The testimony to which there is no objection impresses us with the belief that respondents knew all about this mortgage at the time of their purchase, and upon no equitable ground whatever, seek to defeat it. Thus viewing the case, we pass as immaterial the objections

and questions made touching the action of the court below in reviewing and excluding certain testimony. If error, there was no prejudice. At least none to the rights of respondents.

IV. It is claimed that there was usury in the contract between complainant and Hoskins & Co. This is denied, and is not very apparent from the testimony. Hoskins & Co., however, make no such defense, and their vendees cannot. *Perry* v. *Kearns*, 13 Iowa, 174; *Hollingsworth* v. *Swickard*, 10 Id., 385; *Frost* v. *Shaw*, Id., 491; *Powell* v. *Hunt*, 11 Id., 430, and the cases therein cited. There was no agreement that respondents should have the benefit of such supposed defense at the time they bought the mill, and we need not, therefore, consider the argument made upon that hypothesis.

V. It is further claimed that Robert Hoskins never executed the mortgage, and that the decree as to him is therefore erroneous. He does not appeal, and has at no time made such objection. The certificate of acknowledgment shows that his name was signed by an " attorney authorized to do so." To rebut this there is no testimony whatever. They borrowed the money as partners, but made the mortgage in their individual names. The mortgage was recorded, and examined by respondents before their purchase. Robert knew of its existence, and never expressly or impliedly, questioned its validity. Respondents undertook with their vendors to pay it. Under such circumstances, they should not be allowed to complain.

Affirmed.