## ALLISON & CRANE v. KING.

1. New trial: DISREGARD OF ERRONEOUS INSTRUCTIONS. The action of the court below, in overruling a motion for a new trial based on the ground that the verdict was against the evidence and in disregard of the instructions, will not be disturbed, when such instructions were erroneous, and substantial justice between the parties is effectuated by the verdict.

2. Usury: WHEN NOT AVAILABLE AS A DEFENSE. A defendant who was not a party to the note cannot avail himself of the plea of usury. It was accordingly held, in an action against a defendant for the wrongful conversion of a promissory note belonging to the plaintiff, and the collection of the full amount thereof of the maker, that he could not set up the defense of usury in the note.

3. Conversion: RELEASE. Where a person wrongfully converts a promissory note belonging to another, and collects the same from the maker, the release of the maker by the real owner from further payment of the note, will not also operate to discharge from liability the person guilty of the wrongful conversion.

4. —— WHAT AMOUNTS TO CONVERSION. If a person purchases a promissory note, with knowledge that it belongs to another, he is thereby guilty of a wrongful conversion of the note, and a recovery may be had against him for the amount collected by him thereon.

5. Pleading: REPLICATION. No replication is necessary to an answer which does not contain a set-off, counter claim nor cross demand.

*Appeal from Jones District Court.*

TUESDAY, JUNE 9.

THIS is an action for the conversion of a promissory note. A suit for the recovery of the amount of the note

against the maker was heretofore in this court. See *Alli-son et al.* v. *Barrett* (16 Iowa, 278) for facts connected with the case that may not be given herein.

It appears from the record in this action, by an admission of the parties, that the suit against Barrett was settled, and he discharged from liability to plaintiffs, upon the payment of sixty dollars. The other facts necessary to a proper understanding of the points decided, will appear in the opinion. Judgment for plaintiffs. Defendant appeals.

*J. M. King pro se.*

*J. L. Sheean* for the appellees.

BECK, J. — I. The first three assignments of error, it is presumed, are directed to the decision of the District Court in overruling defendant's motion for a new trial, which was based on the ground that the verdict was contrary to the evidence and in disregard of the instructions of the court. It is urged that the verdict is in an amount greater than was warranted by the evidence under these instructions. Upon examination of the record, we are satisfied that this objection is not well taken. The court instructed the jury that if they found the plaintiffs were entitled to recover, their verdict should be in the amount of the note, with six per centum per annum interest, less an amount paid by the maker, as shown by the written admission of the parties, and the usury, if any, which was in the note. The verdict is in the amount of the note and interest, less the payment, but evidently no deduction is made for usury. Though there was evidence tending to show that there was usury in the note to the amount of twenty-four dollars, which was not contradicted, yet we cannot say that the verdict was so

1. NEW TRIAL: disregard of erroneous instructions.

contrary thereto that it should have been set aside. This instruction as to the usury, is, as we shall hereafter have occasion to show, manifestly erroneous. While we would not sustain a verdict clearly against erroneous instructions, yet, inasmuch as the court below did not so regard it, and justice is thereby attained, we may presume that the evi dence failed to satisfy the jury that there was, in fact, usury in the note, and that the verdict is not therefore contrary to the law, as announced by the court; and while we might be satisfied that the evidence did not warrant the finding of the jury, as to this particular fact, yet we would not, for that reason alone, reverse the cause, being satisfied that substantial justice is done by the verdict.

II. It is claimed by the appellant, that the instruction, the substance of which is given above, is erroneous, in that it directs interest to be allowed on the note when it is usurious, and, therefore, void. But the defendant was not a party to the note, and could not, therefore, set up usury as a defense. *Frost* v. *Shaw et al.*, 10 Iowa, 491; *Hollingsworth* v. *Swickard*, id. 385; *Powell* v. *Hunt*, 11 Iowa, 430; *Perry* v. *Kearns*, 13 id. 174; *Drake* v. *Lowry*, 14 id. 125; *Sternburg* v. *Callanan & Ingham*, id. 251; *Greither* v. *Alexander et al.*, 15 Iowa, 470.

*2. Usury: when not available as a defense.*

The defendant is sued for the wrongful conversion of the note — for collecting it, knowing that it was the property of plaintiffs; and, according to his own statements in evidence, he settled the note without any abatement on account of usurious interest. Certainly he ought not to make a word of objection on account of usury. If his conscience permitted him to collect the usury, it ought not to be so tender that it will be violated by the payment of the amount so collected to those who owned the note.

Allison & Crane v. King.

The instruction in question is erroneous, as we have before stated, in directing the deduction of the amount of the usury. Had the evidence shown that the usury was not collected, but in the settlement of the note deducted therefrom, the instruction probably would have been correct, especially if Barret had resisted its payment; but having been settled and paid, no reason can be given why the defendant should not account to plaintiffs for the full amount collected, including the sum alleged to be usurious interest.

III. The appellant insists that the release of the maker of the note, Barrett, by plaintiffs, operated to discharge him as well. Defendant and Barrett were neither joint trespassers nor jointly liable upon any contract in regard to the note. The suit against Barrett by plaintiffs was based on a promise to pay the note to them. See *Allison* v. *Barrett*, 16 Iowa, 280. This action is for the conversion of the note. There is, therefore, no joint liability, and the release of Barrett did not operate to discharge defendant.

*3. Conversion: release.*

IV. The defendant asked the court to instruct the jury, substantially, that if he purchased the note with knowledge of plaintiff's claim thereon, he acquired no title thereto, and there was, therefore, no conversion. The instruction was refused, and the ruling thereon is assigned for error. The statement of the proposition refutes it. By his purchase, with notice, he acquired no title, and therefore his act, in taking possession of and collecting the note, was an illegal conversion for which he is liable. Had he acquired title by the purchase, there would have been no conversion.

*4. —— what amounts to conversion.*

V. There was no replication to defendant's answer, which set up divers defenses, but no counter claim, cross-demand or set-off was pleaded. Defendant insists that certain matters alleged in his an-

*5. Pleading: replication.*

swer, not being denied by a replication, are thereby admitted. It is hardly necessary to say that no replication was necessary in order to form an issue upon the answer. Rev. § 2895.

Affirmed.