CARMICHAEL v. BODFISH *et al.*

USURY: BY WHOM THE DEFENSE MAY BE PLEADED. A stranger to the contract cannot interpose the plea of usury. The defense is a personal one to the debtor.

*Appeal from Tama Circuit Court.*

WEDNESDAY, OCTOBER 18.

ACTION to foreclose a mortgage, default and judgment against the mortgagor. Hurlbutt & Edsall claim to be judgment creditors, and answer that the defendant, Bodfish is insolvent, and that the contract between him and plaintiff was usurious. To the second count of the answer, alleging usury, etc., plaintiff demurred. The demurrer was sustained, and Hurlbutt & Edsall appeal, and assign this ruling as error.

*Stivers & Safely* for the appellants.

*Applegate & Kinne* for the appellee.

MILLER, J. — The only question presented by this appeal is, whether appellants, who are judgment creditors of Bodfish, the mortgagor, can, without the concurrence of their debtor, take advantage of an usurious contract to which they are not parties, for the purpose of protecting the property of the debtor, *he being insolvent*, so that they may be enabled to make their claim from such property?

Bodfish, the mortgagor of plaintiff and judgment debtor of appellants, suffered judgment by default to be entered against him for the amount of the note and mortgage as appeared upon the face of the same. It was not apparent upon the face of the note or mortgage that more

than lawful interest had been contracted for, so that the question of usury (if any existed) could only be raised by plea. Are appellants in a position to interpose such plea?

The general doctrine that none but parties or privies can interpose the defense of usury has been adopted and followed by this court in very many cases, and in *all* cases where the question has arisen. In *Hollingsworth* v. *Swickard*, 10 Iowa, 387, where a mortgage was made to secure an usurious note, and a subsequent purchaser of the mortgaged premises, in the performance of his contract of purchase, discharged the usurious note and mortgage by the execution of his own note for the amount of the former (including the usury), and gave another mortgage on the same premises; it was held, in a proceeding to foreclose the second mortgage, that the mortgagor could not set up as a defense the usury in the former note and mortgage of his grantor.

In *Frost* v. *Shaw et al.*, 10 Iowa, 491, it was held, that a subsequent purchaser, in an action to foreclose a mortgage, cannot interpose as a defense a plea of usury in a contract to which he was not a party or privy having authority to interpose such plea. In *Powell* v. *Hunt et al.*, 11 Iowa, 432, it was held, that a junior mortgagee cannot avail himself of the usury in a prior mortgage. The case of *Perry* v. *Kearns*, 13 id. 174, is like *Frost* v. *Shaw*, and the holding is the same as in that case. In *Drake* v. *Lowry*, 14 id. 125, it is held, that a defendant cannot interpose the defense of usury to a contract made between other parties and to which he was not privy. In *Sternburg* v. *Callanan & Ingham*, id. 251, where a principal had deposited money with an agent to be loaned so as to net the principal interest at a usurious rate, it was held, in an action by the principal to recover the balance in the hands of the agent, that the agent could not plead the usury, for that he was not a party or privy to any usurious contract. *Greither* v. *Alexander*, 15 Iowa, 470, is like *Frost* v. *Shaw*, and *Perry* v. *Kearns*, *supra*, and the same doctrine is

announced. In *Allison & Crane* v. *King*, 25 Iowa, 56, it was held, that a defendant who was not a party to the note in controversy could not avail himself of a plea of usury. These cases settle the doctrine in this State that usury is a personal defense and cannot be pleaded by a stranger to the alleged usurious contract, having no authority so to do. This doctrine is supported by a great number of cases in other States, among which are the following : *Bearce* v. *Barstow*, 9 Mass. 45 ; *Green* v. *Kemp*, 13 id. 515 ; *Bridge et al.* v. *Hubbard*, 15 id. 103 ; *Sands* v. *Church*, 2 Seld. (N. Y.) 347 ; *Story* v. *Am. Life Ins. Co.*, 11 Paige, 635 ; *Post* v. *Dart*, 8 id. 639 ; *Reading* v. *Weston*, 7 Conn.—; *De Wolf* v. *Johnson*, 10 Wheat. 367 ; see, also, 3 Pars. on Cont. (5th. ed.) 122 ; 2 Pars. on Notes and Bills, 407.

It is conceded by appellants that they are not parties or privies to the usurious contract in this case.

It is, however, insisted that the rule should be different where the debtor is *insolvent*. Appellant has referred to no case holding such a doctrine, nor have we been able in our researches to find any, and the reason for the rule established would seem to be the same where the debtor is insolvent as where he is solvent. The object of the statute was to protect debtors from the enforcement of unconscionable contracts. " It is a remedy provided for his defense, to which he may resort if he pleases; and when he insists upon the objection, to avoid the usurious contract itself, and maintains it by proper evidence, the law will not suffer it to be enforced against him, for the benefit of the original creditor or any other person." " But where the party liable on a usurious contract will not avail himself of the remedy provided by the statute for the purpose of avoiding it," as by voluntarily paying the debt, or suffering judgment to be entered upon it, there the statute no longer applies. *Bearce* v. *Barstow, supra*. The statute protects those who are, or may be, liable on the usurious contract, and they alone can interpose the illegality as a

defense. *Lyon* v. *Welsh*, 20 Iowa, 578; *Huntress* v. *Patten*, 20 Me. 28; *Gray* v. *Brown*, 22 Ala. 273.

Again, the plea demurred to states that the mortgagor and the other defendants to appellant's judgment are, and have been, insolvent for two years previously, but fails to show that they or any of them were solvent when the debt, on which judgment was rendered, was created. The mortgagor or other of the judgment debtors, for aught that appears in the plea, may have been insolvent when the indebtedness to appellants accrued. If such was the fact appellants are in no worse position *now* than they were *then*. They show, therefore, no *equitable* reason why they should be allowed to interpose the defense of usury which would not exist in favor of any creditor of an usurious mortgagor.

The demurrer was properly sustained and the judgment is

Affirmed.