THE NATIONAL LIFE INSURANCE CO. v. OLMSTED ET AL.

1. **Usury**: AS A DEFENSE: WHEN NOT AVAILABLE. A maker of a note and mortgage who afterward sells the mortgaged property, the purchaser assuming the mortgage debt, cannot interpose the defense of usury in an action of foreclosure in which no personal judgment is asked against him; nor will the fact that an action is pending in which he seeks to set aside the conveyance by him as fraudulent and void authorize him to make such defense.

*Appeal from Dallas District Court.*

TUESDAY, OCTOBER 28.

THE plaintiff's petition alleges that John D. Rivers made and delivered to plaintiff three promissory notes, viz., one principal note for $4,000, due April 1, 1878, and two interest notes for $200 each, due respectively October 1, 1877, and April 1, 1878, all payable at Montpelier, Vermont, with ten per cent interest after maturity, and still unpaid; that to secure the payment of said notes and four other interest notes, since paid, the said Rivers and his wife at the same time executed to plaintiff a mortgage on 360 acres of land in section 29, township 81, range 26, Dallas county; that subsequently said Rivers and wife conveyed to defendant Hamden A. Olmsted all of said section 29, subject to plaintiff's mortgage on the said 360 acres thereof, and another mortgage for $1,680 on the remaining 280 acres of said section, with the usual covenants against incumbrances, except as to said mortgages, both of which the grantee, by express terms, assumed. An amendment to the petition alleges that section 29 was afterward conveyed to defendant James G. Olmsted, who also assumed said mortgages, by a deed not placed on record, and adds as new defendants D. F. Butin and John D. Rivers, who claim to have some interest in the premises covered by plaintiff's mortgages, but plaintiff avers that whatever their interests may be they, as well as that of the defendant James G. Olmsted, are junior and inferior to the lien of plaintiff's mortgage. Plaintiff asks personal judgment against the

defendants Hamden A. Olmsted and James G. Olmsted, for the amount of the three notes, with interest, attorney's fees and costs, and a decree of foreclosure against all the defendants. No personal judgment is claimed against the defendant Rivers, and the original notice so states.

On the 10th day of October, 1878, the defendant John D. Rivers filed in said cause his answer and application for receiver in words and figures following:

Comes now the defendant J. D. Rivers, and for answer to the allegations of plaintiff's bill and amendment thereto, says:

1. That he admits that on or about the 12th day of March, 1875, he executed and delivered to the plaintiff herein his certain promissory note for $4,000, due the 1st day of April, 1878, together with the six several and various coupons thereto attached, each in the sum of $200, due respectively as alleged and averred in said petition, and as shown in the copy of the mortgage attached to said petition.

2. And further answering states that on said 12th day of March, 1875, the said plaintiff loaned to this defendant the sum of $3,600, and then and there exacted and demanded of this defendant the corrupt and usurious interest of $400, and this defendant agreed to give, and did give to said plaintiff the said corrupt and usurious interest, in the shape and form of his promissory note for $4,000; the sole and actual consideration for said note being $3,600; the surplus being corrupt and usurious interest, and the several and various coupons being for the interest to become due on said sum from the date of said loan.

3. And further answering states that on said loan of $3,600 there was paid on or about October 1, 1875, $200; April 1, 1876, $200; October 1, 1876, $200; April 1, 1877, $200; which sums and amounts should be credited on said sum of $3,600, from the dates of the several payments.

4. And further answering states that he did on or about the 22d day of January, 1876, sell and convey section 29, township 81, range 26, Dallas county, a part of which premises is included in the mortgage given to secure the payment of the note and coupons, copies of which are attached to plain-

tiffs' petition, to one Hamden A. Olmsted, that the same was procured from this defendant by fraud and deceit practiced by the said Hamden A. Olmsted, and that to delay and hinder this defendant from recovering said premises, the said Hamden A. Olmsted has caused a conveyance to be made to his son Willis A. Olmsted, and by said Willis A. Olmsted to his other son Chas. S. Olmsted, and by said Chas. S. Olmsted to his third son, James G. Olmsted, who now fraudulently and without any consideration has and holds the title to said premises; that the defendant long since instituted in the District Court of Polk county his certain action on the equity side of said court against said Hamden A. Olmsted et al., to set·aside said fraudulent conveyance, and that said action is still pending in said court undisposed of. Defendant further states that said Hamden A. Olmsted and James G. Olmsted, his son, as this defendant is informed, have sold and disposed of all their personal property and crops on said farm, and have abandoned the same, and that this defendant, whose personal obligations are held by the plaintiffs herein, and other parties on the same farm, is really and actually the only person in interest; and the defendant submits that the assumption of said mortgage in the pretended deed to said Hamden A. Olmsted is and was only a private matter with said Olmsted, and by the proceedings now pending in Polk District Court he will be released from all personal liability thereon.

5. And further answering states that the farm of which the premises mortgaged forms a part consists of 640 acres, 360 in the mortgage and 280 in another mortgage on which are the personal obligations of this defendant, and that the premises in controversy consist of the improved part of the farm, and should be used to pay a part of the obligations on the remainder of the land.

Defendant further states that the rent and profits of the farm, as he is informed, will be wasted and squandered unless protected by this court. Defendant further shows that since the execution of said mortgage the said premises have materially depreciated in value, and the said farm has been cut off from the public road, also greatly depreciating its value, and

as defendant believes will not now sell for enough to pay the plaintiff, interest, taxes and costs in this action. And defendant further shows unto the court that in his suit pending at Des Moines he will be materially and seriously damaged if said premises and the rents and profits are not taken care of by the order and command of this court. ·

Defendant further shows unto the court that the rents and profits of said premises by the time a deed can be executed by the sheriff under any foreclosure sale will amount to at least 400 to 600 dollars, and that in justice to all parties the same should be saved and protected, and to the end that the rights of all parties be protected defendant humbly prays the appointment of a receiver to take charge of said premises.

Wherefore, defendant John D. Rivers asks that said note and mortgage, and coupons attached, be declared usurious; that the amounts paid be deducted from said sum of $3,600, and that judgment be rendered for plaintiff for only the amount due under the law; that a receiver be appointed to take charge of said premises, and that he shall have · such other, further, and different relief as shall be agreeable to equity and good conscience.

JOHN D. RIVERS, *pro se.* >

Duly verified.

On the 10th day of October, 1878, there was rendered in said court by default, against said Hamden ·A. Olmsted and James G. Olmsted, a personal judgment for $4,641, and $156 attorneys' fees and costs, and a foreclosure of the mortgage on said premises, and order for general execution after sale of mortgaged premises, to which the defendant J. D. Rivers in person protested and excepted.

On the 10th day of October, 1878, the plaintiff filed its demurrer to the answer of J. D. Rivers, in words and figures following:

Comes now the plaintiff, and demurs to the answer of defendant J. D. Rivers, on the ground that the facts stated in said answer do not entitle the defendant to the relief demanded.

The court sustained this demurrer, and the defendant Rivers standing thereon the court rendered against him a decree of

foreclosure, cutting off all his right, title and interest in and to said premises. The defendant Rivers appeals.

*John D. Rivers, pro se.*

*A. G. Kingsbury,* for appellee.

DAY, J.—I. The demurrer to the answer was properly sustained. The answer admits the sale of the premises in question to Hamden A. Olmsted, and his assumption of the debt sued on. The plaintiff accepts the personal responsibility of the Olmsteds, and makes no personal demand against the defendant Rivers. The defendant having sold the mortgaged premises, subject to the mortgage, and being released from personal responsibility for any portion of the judgment which may remain unsatisfied after exhausting the mortgaged premises, can in no way be affected by the amount of the recovery, and has no interest in the matter which will authorize him to plead any facts in reduction of the amount of recovery. He stands as a mere stranger to the proceeding. As such he can not interpose the plea of usury. *Carmichael v. Bodfish,* 32 Iowa, 418; *Miller v. Clarke,* 37 Iowa, 325.

*1. USURY: as a defense: when not available.*

The mere fact that the defendant Rivers has an action pending against Olmsted to set aside the conveyance to him of the real estate will not authorize Rivers to interpose the plea of usury. That action may be determined adversely to Rivers. If it shall be so determined, all interest in, or claim upon, the property will be at an end. If the defendant had, in this action, made his answer a cross-bill, and set up the alleged fraud in the conveyance to Olmsted, and asked that the conveyance be set aside, that Olmsted be discharged from the assumption of the debt, and that his own personal liability therefor be declared and enforced, a different question would have been presented. But we are clearly of opinion that, as the case now stands, the defendant Rivers can not avail himself of the defense of usury.

AFFIRMED.