GEORGE M. PARDOE, Appellant, v. THE IOWA STATE NATIONAL BANK.

**Usury:** NATIONAL BANKS. A trustee who gave his individual note to a bank to obtain money to purchase a mortgage on trust property for its protection, which instrument he assigned to the bank as security, cannot maintain an action under United States Revised Statutes, section 5198, to recover back usurious interest exacted, since it was not paid by him within the meaning of the statute, although he advanced sums for that purpose for which the heirs repaid him.

SAME. A note, the amount of which is computed in the amount loaned together with a sum illegally added thereto as usurious

2   interest and which bears interest at the highest lawful rate is usurious, and the interest wrongfully exacted may be recovered where the note was paid in full.

RENEWALS.   The payment of usurious interest upon a note taints all
1-2   the subsequent notes given in renewal of it with usury.

ASSIGNMENT.   The right conferred by the United States Revised
4   Statutes section 5198, upon a debtor from whom usurious interest has been exacted by a national bank, or his legal representatives, to recover back twice the amount is personal and cannot be transferred by an ordinary sale or assignment.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, OCTOBER 14, 1898.

ACTION at law to recover for money alleged to have been paid as usurious interest. There was a trial by the court without a jury, and a judgment for the plaintiff, from which he appeals.—*Affirmed*.

*Geo. M. Pardoe, pro se.*

*Swan, Lawrence & Swan* for appellee.

ROBINSON, J.—I.   The defendant is an association duly organized and doing business under and by virtue of the laws of the United States which relate to national banks. On the first day of August, 1892, it loaned to the plaintiff two thousand nine hundred and twenty-two dollars and fifty cents, and received therefor his promissory note for three thousand dollars, payable ninety days after its date, without interest before maturity. The difference between the face of the note and the amount of money paid to the plaintiff, or seventy-seven dollars and fifty cents, was retained as interest on the loan, making the rate charged a little more than ten per cent. per annum. At that time the laws of this state did not authorize contracts for a higher rate of interest than eight per cent. per annum. Six days later a payment of five hundred dollars was made on the note. On the second day of

November, 1892, the plaintiff renewed the note by giving a new one for two thousand five hundred dollars; payable ninety days after its date, without interest before maturity, and paid thereon as interest an allowance of seven dollars and sixty-nine cents for interest on the payment made on the first note before it became due, and in addition forty-two dollars and thirty-one cents in money.   On the thirty-first day of January, 1893, the second note was renewed, as the first one had been, and on the same terms, including the payment of fifty dollars as interest.   That note was not paid, and judgment has been rendered thereon against the plaintiff.   The amount of the judgment is alleged by the defendant to be two thousand and thirty-nine dollars and thirty cents, with interest thereon from the nineteenth day of April, 1894, at the rate of eight per cent. per annum, but formal proof as to the amount has not been made.   It is not disputed that the note first given was usurious, and the plaintiff contends that the renewal notes were tainted with usury, and that in consequence he is entitled to recover on account of interest paid on the first renewal note the sum of eighty-four dollars and sixty-two cents, and on account of the second renewal note the sum of one hundred dollars, or double the amount of usurious interest alleged to have been paid. That view seems to have been adopted by the trial court, as it rendered judgment in favor of the plaintiff for one hundred and eighty-four dollars and sixty-two cents, with interest thereon from the commencement of this action, although the judgment does not specify the notes on which it was rendered. As it appears to be conceded that the appellant's recovery was wholly on account of the notes we have described, and since he does not claim to be entitled to anything more than the court awarded him, this branch of the case will not be further considered.

II.   On the twenty-ninth day of April, 1892, the plaintiff made to the defendant his promissory note for the sum of four thousand two hundred and seventy dollars, payable

without interest ninety days after its date. He received for it four thousand one hundred and sixty-four dollars and six cents; the difference between that sum and the face of the note having been retained as discount or interest, at the rate of ten per cent. per annum. When the note became due, August 1, 1892, it was renewed by the giving of a new note for the same amount, and the payment of eighty-five dollars and forty cents as interest thereon. That note did not bear interest, and was payable ninety days after its date. A similar renewal note was given October 30, 1892, when one hundred and ten dollars were paid as interest; and another renewal note was given on the thirty-first day of January, 1893, at which time one hundred and ten dollars were paid as interest. Payments were made on that note as follows: On the fourth day of May, 1893, eighty dollars; on the thirty-first day of May, 1893, one thousand dollars, and interest thereon at the rate of ten per cent. per annum for ninety days; on the twenty-fifth day of August, 1893, eighty dollars; on the third day of November, 1893, three thousand two hundred and sixty dollars and thirty-four cents, as the remainder due on the note. The plaintiff claims that the payment of usurious interest on the first note for four thousand two hundred and seventy dollars, tainted all the subsequent notes with usury, and that he is entitled to recover double the amount of usurious interest paid thereon, or the aggregate amount of one thousand three hundred and eight dollars and sixty cents, with interest thereon from the commencement of this action. Section 5197 of the Revised Statutes of the United States permits any national bank to charge and receive interest at the rate allowed by the laws of the state where it is located; and section 5198 provides that the charging and receiving of a rate "greater than that allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon." It further provides that,

"in case the greater rate of interest has been paid, the person by whom it has been paid or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid, from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transactions occurred." The first note, for four thousand two hundred and seventy dollars, was usurious, and the usury was carried into the renewal note. *Brown v. Bank,* 18 Sup. Ct. Rep. 390. All of the payments made, excepting the one for one thousand dollars, and the one for three thousand two hundred and sixty dollars and thirty-four cents were, by the agreement of parties, applied to the payment of interest; and all were at usurious rates, excepting the one made August 1, 1892, and that was usurious, because it was nominally at the highest lawful rate, and was computed on the amount loaned, and also on one hundred and five dollars illegally added thereto as usurious interest. *Bank v. Eyre,* 52 Iowa, 114. This does not appear to be denied, but it is said that full payment of the note is not shown, and that until the full amount due is paid, or is placed in judgment, the right to recover usury paid does not exist. The claim that the last note has not been paid is, however, based upon a misapprehension of the record. That shows without dispute that the note is fully paid.

III. The further claim is made that the plaintiff is not entitled to recover because the notes he gave were not on his own account, and the payments he made thereon were not with his own money. It appears that on the fourteenth day of December, 1888, the plaintiff was appointed trustee for one Matthew Gaughran, and about that time all of the estate of said Gaughran, including both real and personal property, was transferred to the plaintiff, as trustee, to hold and manage so long as Gaughran should live. He died on the twenty-third day of April, 1892, leaving a son and a daughter as his only heirs; and the plaintiff became

the administrator of his estate. He was discharged as administrator about the first day of January, 1894. The original note for four thousand two hundred and seventy dollars was given for the purpose of obtaining a mortgage which had been executed on the trust property by the plaintiff, as trustee, and by Gaughran. The mortgage,—and that term, as used in the record, we understand to include the mortgage debt as well as the security,—was assigned to an officer of the defendant to be held as collateral security for the payment of the note for four thousand two hundred and seventy dollars which the plaintiff then gave. The purpose of the transaction was to protect the Gaughran estate, and all that the plaintiff did was done to accomplish that end. The assignment of the mortgage not only secured the defendant, but doubtless was beneficial to the plaintiff also, in preserving a lien upon the estate to secure the debt which he assumed by giving his note. That note and the renewals thereof were signed by him individually, and not as trustee or administrator, but as between himself and the estate of Gaughran he was at all times a surety only. He made some of the payments of interest from his own funds, but the sums so paid were refunded to him from the estate, and the payments of one thousand dollars and three thousand two hundred and sixty dollars and thirty-four cents were with money furnished by the heirs of the decedent. As the plaintiff was not the principal debtor, and as the small amount of money he paid as interest was on account of the heirs, and was refunded to him, his acts were virtually those of an agent; and the interest in controversy was not paid by him, within the meaning of section 5198 of the Revised Statutes of the United States. That was designed for the benefit of the person who, being liable on the note or other obligation, pays the money for himself, and not for one who pays it merely as the agent of another. See *First Bank of Concorda v. Rawley,* 52 Kan. Sup. 394 (34 Pac. Rep. 1049). Had the plaintiff furnished the money which he paid, and had it not been refunded to him, a different question would have been presented, even though he was only

surety; but the small amount he did furnish was merely advanced on account of the estate, and was refunded from it. We conclude that he is not entitled to recover in his own right.

IV.   It appears that, after the plaintiff was discharged as administrator, the heirs of Gaughran, as heirs, assigned him all right of action against the defendant to recover for usurious interest paid to it by the plaintiff, as trustee, or by the heirs. It is claimed, although not with much apparent confidence, that the plaintiff is entitled to recover by reason of that assignment. In an action brought to enforce the penal provision of the statute, it must be construed strictly. *Tiffany v. Bank,* 18 Wall. 409. The statute authorizes a recovery of twice the amount of illegal interest paid by "the person by whom it has been paid, or his legal representatives," and that remedy is exclusive. *Barnet v. Bank,* 98 U. S. 555. The term "legal representative" ordinarily means executors and administrators, although it may be used in a different sense, and shown by the connection in which it is used to have a different meaning. *Lodge v. Weld,* 139 Mass. 504 (2 N. E. Rep. 95); *People v. Phelps,* 78 Ill. 149; *Bowman v. Long,* 89 Ill. 21; *Loos v. Insurance Co.,* 41 Mo. 538. In the case of *Osborn v. Bank,* 175 Pa. St. 494 (34 Atl. Rep. 858), it was held that the term, in the absence of anything to show that it is used in a different sense, means executors and administrators; and the right of an assignee, for the benefit of creditors to recover the statutory penalty was denied, although it has been held by some courts that an assignee in bankruptcy is a legal representative, within the meaning of the statute. It is well settled that a defense based upon usury is personal to the debtor, and cannot be maintained by a stranger to the contract. *Carmichael v. Bodfish,* 32 Iowa, 418; *Miller v. Clarke,* 37 Iowa, 325; *Insurance Co. v. Olmstead,* 52 Iowa, 354. In view of the language of the statute, and the general policy of the law to make personal to the debtor the right to take advantage of usury, we are of the opinion that the statute under consideration does not

give to a debtor who had paid usurious interest the right to transfer his claim therefor by an ordinary sale or assignment of his right, and that the plaintiff did not acquire any right, as against the defendant, by the assignment which the heirs of Gaughran made to him. We conclude that, so far as the judgment of the district court is questioned on this appeal, it is right, and it is therefore AFFIRMED.

LADD, J., took no part.