IOWA SAVINGS & LOAN ASSOCIATION, Appellee, v. M. A. SELBY AND EMMA SELBY, Appellants, P. W. BROWN, E. E. McCALL AND MADISON COUNTY, IOWA, Defendants.

**Statutes:** CONSTITUTIONAL LAW. Acts Twenty-seventh General Assembly, chapter 48, amending Code, section 1898, and providing that such section shall govern all contracts between building and loan associations and other parties made before the Code took effect, and that such contracts shall be construed and enforced in actions and proceedings as therein provided, with the same effect as if made after the Code took effect, is not expository legislation, but curative merely.

TITLE. The title to Acts Twenty-seventh General Assembly, chapter 48, enacted as a curative act of Code, section 1898, regulating building and loan associations, and entitled "An act to amend section 1898 of the Code relating to building and loan

associations," being plain, broad, and directing attention to the general subject of such associations, is not in violation of Constitution, Article 3, section 29, requiring the subject of the act to be plainly expressed in its title.

**Pleading:** DENIAL OF CORPORATE CAPACITY. Where, in an action by a corporation, it pleaded its corporate capacity under existing laws, defendant's denial of want of information with reference thereto is insufficient to require plaintiff to prove such capacity. ·

PLEA AND JUDGMENT. Where plaintiff in a mortgage foreclosure suit did not ask to be allowed for certain taxes paid on the property, in his petition, the allowance thereof in the decree of foreclosure was erroneous.

*Appeal from Madison District Court.*—Hon. J. H. APPLE-GATE, Judge.

TUESDAY, MAY 15, 1900.

ACTION in equity to foreclose a mortgage executed by M. A. Selby and Emma A. Selby. There was a decree of foreclosure for the plaintiff. Defendants M. A. and Emma A. Selby appeal.—*Affirmed.*

*Clark & McLaughlin* for appellants.

*Bailey, Ballreich & Preston* for appellee.

SHERWIN, J.—The appellee is a mutual building and loan association, originally organized in 1889, and alleges that on July 2, 1896, it so amended its articles of incorporation as to comply with the provisions of chapter 85, Acts Twenty-sixth General Assembly. M. A. Selby is a member of the association, and the holder of ten shares of its stock. In 1894 he borrowed one thousand dollars of the association, and executed his note therefor, and a mortgage to secure the same. The note and mortgage provide for the payment of certain sums monthly, as dues, premium, and interest. This action is to foreclose the mortgage. The defendant Selby pleads usury, breach of warranty as to the maturity of his

stock, and that chapter 85, Acts Twenty-sixth General Assembly, and chapter 48, Acts Twenty-seventh General Assembly, are unconstitutional and void, as to the note and mortgage in suit. The original loan was tainted with usury.

I. The constitutionality of chapter 85, Acts Twenty-sixth General Assembly, and of chapter 48, Acts Twenty-seventh General Assembly, was expressly determined and sustained in *Association v. Heidt,* 107 Iowa, 297; *Association v. Curtis,* 107 Iowa, 504. In this case, however, the appellant attacks the latter section on the additional ground that it violates section 29 of article 3 of the constitution of Iowa, which provides that "every act shall embrace but one subject and matters connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The title to chapter 48, Acts Twenty-seventh General Assembly, is in the language following: "An act to amend section 1898 of the Code relating to building and loan associations." The appellant contends that this title does not indicate the subject involved therein. It certainly indicates the general subject involved therein, because it says in plain and explicit words that it is an act to amend the law relating to building and loan associations, and, further, gives the section it is proposed to amend. The legislature had the power to pass a curative act relating to these associations, and this legalizing act was germane to the subject expressed in the title. If the title had pointed out the precise amendment that was sought, and the act itself had provided for something foreign thereto, then appellants' position would be well taken. Nobody could have been misled by this title. It was plain and broad, and directed the attention to the general subject of building and loan associations, and, in our judgment, was sufficient. *Morford v.*

*Unger,* 8 Iowa, 82; *Insurance Co. v. Highsmith,* 44 Iowa, 330; *Association v. Aschermann,* 108 Iowa, 150.

Again, the appellants claim that the enactment is expository legislation, and for that reason is unconstitutional. It will be conceded, we presume, that the powers of the judicial branch of the government are independent, and that the legislature cannot instruct the courts as to the construction to be placed on its enactments, or the construction to be given contracts. But we do not construe the section to mean anything of this nature, when read as a whole. It was intended as a curative act, and nothing more, and, while it says more than is really necessary to effect its purpose, we think it will not bear the construction contended for by appellants.

II. Appellants finally claim that, if the acts in question are valid, the plaintiff has not shown itself within the provisions of chapter 85 of the Acts of the Twenty-sixth General Assembly, because it did not put in evidence its amended articles of incorporation. This is purely technical, and, we think, without merit. Plaintiff plead its corporate capacity under existing laws. There was a denial for want of information on the subject, and nothing more. This is not sufficient. *Stier v. City of Oskaloosa,* 41 Iowa, 353; *Sparks v. Association,* 100 Iowa, 458.

III. It is also contended that the plaintiff warranted that appellant's stock would mature within a certain time. If it be conceded for the purpose of this case that evidence along this line is competent, it is in conflict, and the appellant has not sustained his claim.

IV. The court allowed the plaintiff eight dollars and eleven cents for taxes paid in May, 1898. This was not asked for in the petition, and hence should not have been allowed. With this deduction from the amount of the judgment, it is AFFIRMED.