121  449
e126  747
126  749

121  449
f142  333

W  F.  BACON v. IOWA SAVINGS & LOAN ASSOCIATION, Appel-
        lant, HENRY SOMMERX, Appellee.

**Building and Loan Associations:** USURY:    WHO MAY PLEAD.    A
1    plea of usury cannot be interposed to a building and loan con-
     tract by one not a party thereto, nor by one not authorized by
     his assignor of the property.

**Building and Loan:** INTEREST:  HOW COMPUTED.    To determine
2    the amount of interest due on a loan from a building and loan
     association, twleve per cent, simple interest should be com-
     puted on the amount of the loan from its date, and the total
     of premiums and interest, paid and delinquent, deducted
     therefrom.

*Appeal from Humboldt District Court.*—HON. W. B. QUAR-
        TON,  Judge.

WEDNESDAY, OCTOBER 21, 1903.

ACTION for an accounting and for the cancellation of
a mortgage.    In October, 1892, one McComb borrowed of
the defendant association $2,000, giving his note therefore,
and securing it by a mortgage on real estate and by pledg-
ing twenty shares of stock in the association.    This real
estate and stock was afterwards transferred to the plain-
tiff who assumed the debt.    By the terms of the contract
the borrower agreed to pay $12 per month dues on his
stock and all fines, and the further sum of $12 per annum,
and $10 interest on the loan each month.    The premium
was reduced to $8 per month April 1, 1899.    $1,080 was
paid on dues, $978 on premium, and $895 on interest.    The
defendant by cross-petition asked a foreclosure of the
mortgage and a judgment for the sum found due thereon.
There was a decree for the defendant association for a
part of its claim.    Both parties appeal.    The association
will be designated the "appellant."—*Reversed.*

*Baily & Stipp* for appellant.

*Clarke & Cohenour* for appellees.

SHERWIN, J.—Conceding, for the purposes of this case that the contract between McComb and the defendant association was tainted with usury, the plea cannot be in-

1. USURY: who may plead.

terposed by the plaintiff, for he was neither a party to that contract nor authorized by McComb to avail himself of such a plea. *Hollingsworth v. Swickard*, 10 Iowa, 385; *Frost v. Shaw*, 10 Iowa, 491; *Perry v. Kearns*, 13 Iowa, 174; *The Burlington Mutual Loan Association v. Heider*, 55 Iowa, 424; *Iowa Savings & Loan Association v. Chase*, 73 N. W. Rep. 1100. Moreover, the con- tract in question is directly within the class legalized by the curative act of the Twenty-Seventh General Assembly, Chapter 48. *Association v. Heidt*, 107 Iowa, 297; *Association v. Curtis*, 107 Iowa, 504; *Association v. Selby*, 111 Iowa, 402; *Edworthy v. Iowa S. & L. Ass'n*, 114 Iowa, 220.

We are not advised as to the method of computation adopted by the trial court, resulting in a judgment for the association for only $396.20. Under section 1898 of the Code, the borrower is to be charged with the full amount of the loan received by him, together with delinquent dues interest, premium, and fines, and he is to be credited with the withdrawal value of his pledged stock, but "no greater recovery shall be had than the net amount of principal actually received, with interest thereon at a rate not greater than twelve per centum" on the amount so re- ceived. There is no question here as to the withdrawal value of the stock. The only remaining question is as to the amount which the association may recover under the twelve per cent. limit fixed by the statute. In *Iowa De- posit & Loan Co. v. Timme*, 85 N. W. Rep. 820, we held that the computation of interest under the statute should be without rests occasioned by the payment of interest, dues,

and premiums. Following this rule to ascertain what rate

**2. BUILDING and loan: interest: how computed.** of interest the borrower has paid, simple interest at the rate of twelve per cent. should be computed from the date of the loan, and the total amount of interest and premium paid and delinquent determined, and if the latter amount is larger than the former the statutory limit has been exceeded and the borrower is entitled to credit for the excess in addition to the withdrawal value of his stock. See *Briggs v. Iowa Savings & Loan Association*, 114 Iowa, 232. The interest and premiums paid and delinquent in this case do not exceed the twelve per cent. limit and the association was entitled to recover the difference between the loan and total delinquencies, amounting to $2,197, and the withdrawal value of the stock, $1,520.60, with interest as prayed.

The judgment is therefore REVERSED.